# Exhibit B

2:13-cv-10610-MFL-MKM Doc # 27-2 Filed 10/02/14 Pg 1 of 5 Pg ID 209

2012 WL 6000404
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

Art QUINTAL, as Conservator and Legal
Guardian of the Estate of Mary Quintal, Plaintiff,
v.
VON MAUR INC., a Foreign Profit Corporation,
individually and d b/a Von Maur, Defendant.

No. 12–11521.  |  Nov. 30, 2012.

**Attorneys and Law Firms**

Brian L. Fantich, Law Office of Michael G. Kelman, P. C., Farmington Hills, MI, Robert M. Bachteal, Jr., Grosse Pointe Farms, MI, for Plaintiff.

Nathan J. Fink, Nicole M. Wright, Zausmer, Kaufman, August, Caldwell and Taylor, Farmington Hills, MI, for Defendant.

*MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A NOTICE OF NON–PARTY FAULT (Doc. 11)*

AVERN COHN, District Judge.

### I. INTRODUCTION[1]

**\*1** This is a premises liability case. Plaintiff Art Quintal (plaintiff), as conservator and legal guardian of the estate of Mary Quintal (Quintal), is suing defendant Von Maur, Inc. (defendant), a retail establishment in Livonia, Michigan, claiming that defendant is liable for the severe injuries Quintal sustained when she tripped and fell over a display panel in defendant's store, ultimately leading to her death.[2] Now before the Court is defendant's motion for leave to file a notice of non-party fault (Doc. 11). For the reasons that follow, the motion will be granted.

### II. BACKGROUND

#### A. Factual Background

Quintal was shopping with her husband (plaintiff), at defendant's Livonia store on May 25, 2010. Due to Quintal's prior injuries, she used a walker to get around (Doc 11–3, p. 10). As Quintal approached a clothing display rack in the women's department on the second floor of the store, "she tripped and fell due to a camouflaged wheel of [the] display leg" catching on the right wheel of her walker (Doc. 1–2, p. 2). According to plaintiff, the camouflaged wheel was "protruding in the aisle way where customers ... would traverse" (*Id.*). The clothing on the display rack covered the protruding leg.

Quintal suffered serious permanent injuries from the fall and was "totally out for a good five or six minutes, totally nonresponsive" (Doc. 11–3, p. 11). "Her face was bleeding. Her glasses were twisted and broken" (*Id.*). She suffered a closed-head injury resulting in a brain bleed and a concussion (*Id.* at 21). Further, the incident led Quintal to constantly fear falling down. On March 23, 2012, after this case was filed, Quintal died from dementia (*Id.* at 21). Plaintiff says the fall in defendant's store, in part, resulted in Quintal's death (*Id.* at 20–21).

#### B. Procedural Background

On March 2, 2012, plaintiff filed a complaint against defendant in Wayne County Circuit Court.

On April 4, 2012, defendant removed the case to this Court based on diversity jurisdiction (Doc. 1).

On May 2, 2012, defendant filed an answer to the complaint (Doc. 3).

On July 23, 2012, defendant filed a motion to compel discovery pursuant to Fed.R.Civ.P. 37(a)(3)(B). The Court entered a stipulated order compelling plaintiff's answers to defendant's interrogatories and discovery requests (Doc. 8).

On September 21, 2012, defendant took plaintiff's deposition. In plaintiff's deposition, he was asked several questions about Quintal's medical treatment history. Shortly after plaintiff's deposition, plaintiff's counsel contacted defendant's counsel and informed her that plaintiff intended to file a medical malpractice action against Quintal's medical providers.

On October 15, defendant filed this motion for leave to file a notice of non-party fault (Doc. 11).

### III. LEGAL STANDARD

MCR 2.112(K)(2) states,

> *Notice Requirement.* Notwithstanding MCL 600.6304, the trier of fact shall not assess the fault of a nonparty unless notice has been given as provided in this subrule.

**\*2** MCR 2.112(K)(3) provides,

> The notice must be filed within 91 days after the party files its first responsive pleading. On motion, the court shall allow a later filing of the notice on a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party.

Defendant filed the notice of non-party fault after 91 days from the time the answer was filed. Accordingly, defendant must show that the facts on which the notice is based were not ascertainable with reasonable diligence and that plaintiff is not unfairly prejudiced.

### IV. DISCUSSION

#### A.

Defendant says it was unaware that a third party may be responsible for Quintal's injuries and death until plaintiff's counsel notified it, after plaintiff's deposition, of plaintiff's intent to file a medical malpractice action against Quintal's medical providers. Further, defendant says it was unaware that plaintiff intended to pursue a wrongful death action against it, as plaintiff expressed in his deposition. Thus, defendant says the Court should allow it to file a late notice of non-party fault because it was unaware that Quintal's medical providers were responsible for her injuries in any way.

Plaintiff says the medical providers cannot be sued in this case because they did not proximately cause the injuries that occurred at defendant's store. Plaintiff relies on *Derbabian v. S & C Snowplowing, Inc.,* 249 Mich.App. 695, 644 N.W.2d 779 (2002), *Jones v. Enertel, Inc.,* 254 Mich.App. 432, 656 N.W.2d 870 (2002) (per curiam), and *Romain v. Frankenmuth Mut. Ins. Co.,* 483 Mich. 18, 762 N.W.2d 911 (2009) (per curiam), for the proposition that defendant cannot file a notice of nonparty fault naming Quintal's medical providers. Further, plaintiff says defendant (1) knew of Quintal's fall at the time it occurred and (2) had Quintal's medical records in its possession months before plaintiff's deposition.

#### B.

In a short but concise recent opinion, the Michigan Supreme Court addressed the "duty" requirement when a plaintiff files a notice under MCR 2.112(K) naming a non-party at fault. *Romain, supra.* There, the Supreme Court stated,

> The Wayne Circuit Court summarily dismissed IAQ Managment, Inc. (IAQ), from this action because IAQ did not owe plaintiffs a duty under the contract involved or under general negligence principles. Thereafter, defendant, Insurance Services Construction Corporation, filed a notice under MCR 2.112(K) naming IAQ as a nonparty at fault. Because IAQ did not owe plaintiffs a duty, IAQ's conduct could not have been "a proximate cause of damage sustained by a party." Therefore, the circuit court properly granted plaintiffs' motion to strike the notice of IAQ as a nonparty at fault because a nonparty at fault must be a proximate cause of the damage sustained by the injured party. We affirm the circuit court's ruling.

**\*3** *Id.* at 20, 762 N.W.2d 911 (internal citations omitted). Resolving a conflict between two published court of appeals opinions, the Supreme Court in *Romain* clarified that *Jones, supra,* was controlling precedent and "proof of a duty *is* required 'before fault can be apportioned and liability allocated' under the comparative fault statutes...." *Id.* (emphasis in original).

Plaintiff's reliance on *Derbabian, supra,* for the proposition that Quintal's medical providers did not owe Quintal a duty to protect her from falling is misguided. Defendant does not claim that Quintal's medical providers owed her a duty on the day she was shopping at its store. Rather, defendant says Quintal's medical providers owed her a duty in providing her medical care. Plaintiff's counsel informed defendant's counsel

that plaintiff is planning on filing a medical malpractice action on Quintal's behalf. Such an action would necessarily require plaintiff to allege that the medical providers breached a legal duty owed to Quintal. *See, e.g., Bryant v. Oakpointe Villa Nursing Centre,* 471 Mich. 411, 420, 684 N.W.2d 864 (2004). Importantly, a medical malpractice action may relieve defendant of some of its liability. Defendant and Quintal's medical providers cannot both be the proximate cause of the same exact injuries. Thus, it makes sense that defendant wants to file a notice of non-party fault, adding the medical providers to this case.

### C.

Here, plaintiff's complaint, filed on March 2, 2012, states that Quintal sustained the following injuries:

 a. Closed head injury resulting in a brain bleed; fractured orbital requiring surgery; concussion, multiple facial laceration; loss of consciousness; injuries to her head; headaches, serious cognitive deficits, neurological deficits; permanent scarring; injuries to her neck and back resulting in never damage, permanent incapacitation; altered gait; injuries to her upper and lower extremities; loss of gross and fine motor skills, incapacitation; permanent scarring; severe shock; severe psychological and emotional injuries; as well as physical pain and suffering from being violently thrown to the ground;

 b. The requirement of intense therapy for injuries which are permanent in nature;

 c. Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

 d. Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent;

 e. Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

 f. Severe, frequent and persistent pain which is of continuing and permanent nature;

 g. Loss of wages and loss of earning capacity.

(Doc. 1–2, p. 3).

Quintal died on March 23, 2012. Through plaintiff's deposition which took place on September 21, 2012, defendant learned that plaintiff believed defendant was liable for Quintal's death:

 **\*4** Q: Now, I was looking at the complaint that your attorney filed on your behalf and Mary's behalf, and there's a litany of injuries. I'm trying to figure out what are the injuries that you're claiming in this lawsuit that Mary sustained as a result of this fall. Okay? Are you making a wrongful death action? Do you believe this fall caused her death?

 A: I think it was systemic.

 Q: And what do you mean by that?

 A: Well, I think it was the beginning of a deterioration on her part of things to come. I mean, she fell, she had a brain bleed, she had a concussion, it created somewhat of a memory problem for her.

 ....

 Q: Okay. So you said that you're relating her death to this incident, her closed-head injury, the brain bleed issue?

 A: Yes.

(Doc. 11–3, pp. 20–21).

After plaintiff's deposition, defendant's counsel learned that Quintal's medical providers may be liable for some, or all, of Quintal's injuries, including her death.

In deciding whether to grant defendant's motion, the Court must consider "(1) whether the facts on which the late notice was based could have been known to defense counsel earlier through the exercise of reasonable diligence, and (2) if not, whether the late filing would result in unfair prejudice to plaintiff." *Snyder v. Advantage Health Physicians,* 281 Mich.App. 493, 501, 760 N.W.2d 834 (2008). Because "reasonable diligence" is not defined in the court rule, a dictionary may be used to ascertain its legal meaning. *Id.* (citing *Vodvarka v. Grasmeyer,* 259 Mich.App. 499, 675 N.W.2d 847 (2003). "Black's Law Dictionary (8th ed.) defines 'reasonable diligence' as '[a] fair degree of diligence expected from someone of ordinary prudence under circumstances like those at issue." ' *Id.*

On August 8, 2012, plaintiff answered defendant's interrogatories, listing each doctor Quintal treated with. As a follow up to plaintiff's answers, defendant questioned plaintiff about Quintal's medical treatment history at plaintiff's deposition on September 21, 2012. Until plaintiff's deposition, defendant did not know, and could not have known with reasonable diligence, that plaintiff intended to assert a wrongful death claim against defendant. The complaint listed a variety of injuries. After Quintal died, the complaint was not amended to add a claim of wrongful death. Further, it was not until after plaintiff's deposition that defendant learned that plaintiff sought to hold Quintal's medical providers liable for a number of her injuries and/or death. Accordingly, the facts on which the late notice is based on could not have been known to defendant earlier through the exercise of reasonable diligence.

Moving next as whether plaintiff is prejudiced by the late notice, there is no prejudice. Allowing defendant to file a non-party notice of fault does not alter plaintiff's causes of action. Rather, it will allow the finder of fact to compare fault for Quintal's injuries between defendant and her medical providers. It was plaintiff in his deposition who raised the issue that Quintal's medical treatment may have been deficient. Plaintiff's deposition testimony makes clear that he believes both defendant's and Quintal's medical providers' actions led to Quintal's death. Defendant acted as diligent as it could under the circumstances to ascertain whether to timely file a notice of non-party fault. Plaintiff will not be prejudiced.

## V. CONCLUSION

**\*5** For the reasons stated above, defendant's motion is GRANTED.

SO ORDERED.

Footnotes

1   Although this matter was originally scheduled for hearing, upon review of the papers, the Court deems this matter appropriate for decision without oral argument. *See* Fed.R.Civ.P. 78(b); E.D. Mich. LR 7.1(f)(2).
2   Quintal died after the complaint was filed. Although plaintiff has not amended the complaint to add a claim for wrongful death, his deposition testimony makes clear that he attributes Quintal's death, at least in part, to the fall at defendant's store.

**End of Document**   © 2014 Thomson Reuters. No claim to original U.S. Government Works.