UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JERMANO, et al.,

       Plaintiffs,                          Case No: 13-10610

      v.                                  Hon. Matthew F. Leitman

GRACO CHILDREN'S PRODUCTS, INC.    Magistrate Judge Mona K. Majzoub

       Defendant,

_____/

| | |
|---|---|
| Robert F. Garvey (P24897) | Joseph J. Krasovec |
| THOMAS GARVEY & GARVEY | Heidi Oertle |
| Attorneys for Plaintiff | SCHIFF HARDIN LLP |
| 24825 Little Mack | 233 South Wacker Drive |
| St. Clair Shores, MI 48080 | Suite 6600 |
| 586-779-7810 (Phone) | Chicago, IL 60606 |
| 586-779-4912 (Fax) | 312-258-5500 (Phone) |
| *Attorneys for Plaintiffs* | 312-258-5600 (Fax) |
| | *Attorneys for Defendant* |
| R. Douglas Gentile | |
| DOUTHIT FRETS ROUSE GENTILE | Gregory L. Curtner (P12414) |
|    & RHODES, LLC | Jessica A. Sprovtsoff (P70218) |
| 5250 W. 116th Place, Suite 400 | SCHIFF HARDIN LLP |
| Leawood, KS 66211 | 350 S. Main Street, Suite 210 |
| 913-387-1600 (Phone) | Ann Arbor, MI 48104 |
| 913-928-6739 (Fax) | 734-222-1518 (Phone) |
| *Attorneys for Plaintiffs* | 734-222-1501 (Fax) |
| | *Attorney for Defendant* |

_____/

**PLAINTIFFS' RESPONSE TO MOTION OF DEFENDANT GRACO CHILDREN'S PRODUCTS INC. FOR LEAVE TO FILE NOTICE OF NON-PARTY AT FAULT**

Plaintiffs oppose Defendant Graco's Motion for Leave to File Notice of Non-Party at Fault.  The motion should be denied because Graco's motion is untimely and, further, because Graco cannot show that it did not know of the alleged "fault" at issue until a series of depositions were taken recently. Moreover, allowing Graco to now blame a non-party for Mia Jermano's injuries will cause substantial and unfair prejudice to the Plaintiffs.[1]

Section K of MCR 2.112 sets forth the applicable procedural rule: notice of a non-party's fault "must be filed within 91 days after the party files its first responsive pleading."  MCR 2.112(K)(3)(c).  If a party fails to meet this deadline, the party can only file such a notice with leave of court after showing "that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing does not result in unfair prejudice to the opposing party." *Id.*

Graco has failed to meet, and cannot meet, these requirements.  First, it did not file its notice within 91 days of its first responsive pleading.   Second, it has not, and cannot, demonstrate that the ultimate fact on which the Motion is based – that Andrew Thibodeau is at fault – was not known to it until the recent depositions were taken.  Third, it has failed to show that its untimely notice would not result in unfair prejudice to Plaintiffs; in fact, Plaintiffs will be substantially and unfairly prejudiced if leave is granted.  The Motion should be denied.

**I.    The notice was not filed within 91 days of Graco's responsive pleading**

Plaintiffs' Complaint was originally filed in Pennsylvania state court.  After removing the case to federal court, Graco filed its Answer – on October 24, 2012.  [Penn. Doc #4].  The case

---

[1] Plaintiffs' objections here are strictly limited to Graco's failure to comply with the applicable procedural rule.  As previously identified by the parties, this case presents several very important choice of law issues (Pennsylvania vs. Michigan) that are not yet ripe for adjudication, so plaintiffs are not, at this time, raising any substantive objections they have to Graco's effort to shift blame to a non-party.

was subsequently transferred to this Court on February 12, 2013 at the request of Graco. [Penn. Doc. #15]. It is now almost two years since Graco filed its first responsive pleading and well over a year and half since the case was transferred to this Court. As such, Graco's motion/notice is untimely.

> II. **Graco knew about the ultimate fact on which its Motion is based as of February, 2013**

In its Motion, Graco claims on page 4 that it "*first learned* through depositions [in August of 2014] that Andrew Thibodeau may have caused the accident that forms the basis of this lawsuit." This is simply not true; Graco has long possessed knowledge of Mr. Thibodeau's potential fault. In fact, this knowledge is indisputably demonstrated by the Michigan State Crash Report that *Graco* attached as an exhibit to its Renewed Motion to Transfer on February 4, 2013 – nearly twenty (20) months ago. *See* [Penn. Doc. # 14] and [Penn. Doc. #14-4].

The Crash Report identifies "Andrew Thomas Thibodeau" as the driver of "Unit Number 2." It then states that "Unit # 2 crossed the center line and struck the rear driver side tire of Unit #1. Unit 2 continued across the center line and struck Unit #3 [the vehicle Plaintiffs were riding in] head on." Ex. A., pp. 3 and 5. Not only did Graco attach this Police Report to its motion to transfer, it expressly stated, in the motion itself and as grounds for the transfer request, that "[t]he police report indicates that *the accident was caused by one of the other vehicles crossing the centerline, raising the issue of that driver's negligence in causing the accident*." [Penn. Doc. # 14] (Emphasis added). Despite this knowledge and its admitted knowledge, Graco failed to take any action whatsoever to lawfully plead the issue of non-party Mr. Thibodeau's fault within 91 days thereafter, or even after the transfer itself was ordered.

While the specific details of why and how Thibodeau may have been at "fault" (i.e. supposed drug use) may not have been "discovered" by Graco until the depositions in August,

3

the timing of that discovery was, again, the direct result of inaction by Graco. Graco could have subpoenaed the witnesses at any time over the last two years but simply chose, for reasons unknown to Plaintiffs, not to do so. When Graco did finally decide to serve the subpoenas, each witness was served and showed up for his or her deposition on the date Graco selected – none were running from service, none were hiding from Graco or out of the country. The timing of the depositions was entirely controlled by Graco; it has not shown, and cannot show, that it could not have discovered these supposed "facts" with reasonable diligence a long, long time ago. Nevertheless, it now seeks to take advantage of its delay to the substantial detriment of Plaintiffs.

### III.     Graco's late notice would cause substantial unfair prejudice to Plaintiffs

Plaintiffs have relied on Graco's "inaction" with respect to the issue of Mr. Thibodeau's alleged fault; liability experts have been retained by Plaintiffs and considerable work – on the issues in the case as framed by this Court's procedural rules – has been performed by those experts. The "fault" of Mr. Thibodeau has not been taken into consideration in the work these experts have done because that "fault" was simply not an issue in the case. Moreover, and if Graco truly now believes Mr. Thibodeau was abusing drugs on the day of the accident, substantial additional work will be needed to address that claim – Plaintiffs will, for example, certainly want to try and obtain, at a minimum, Mr. Thibodeau's medical records and have them examined by a toxicologist in an effort to deal with Graco's efforts to shift the blame for Mia Jermano's broken child safety seat to him.

There are numerous potential problems created by Graco's eleventh hour notice, but the most significant one is that Plaintiffs' "Rule 26(a)(2) Proponent Expert Disclosures" are due on October 17, 2014, less than two weeks from now. [Mich. Doc #24]. Rule 26(a)(2) requires that Plaintiffs' experts provide a written report setting forth, among other things, a "complete

4

statement of all opinions the witness will express and the basis and reasons for them." Obviously, requiring Plaintiffs' experts to suddenly have to consider the alleged fault of Mr. Thibodeau and his alleged drug use puts an undue burden on both Plaintiffs and their experts and will likely require that at least one new expert be added to the mix. Moreover, nearly two years of work by the already retained experts must, at a minimum, be reconsidered, at considerable expense and under a very compressed timeline; new and previously irrelevant issues must now be addressed. To impose this undue burden on Plaintiffs at this late hour is the exact type of prejudice that MCR 2.112(K)(3)(c) was intended to prevent.

Plaintiffs do not know or understand the motivations behind Graco's late notice, but it is significant that Graco raised the issue almost two years ago in its motion to transfer – and then went "silent" on it. This silence led Plaintiffs to believe that Graco had, for strategic, substantive or some other unknown reason, decided not to make a claim in this case of Thibodeau's alleged fault.[2] Whether Graco simply forgot about the issue and just now realized its mistake, or changed its mind in terms of case strategy, is irrelevant – it is Plaintiffs who will bear the prejudicial brunt of Graco's late notice if the Court allows it. For Graco to suggest, under these circumstances, that Plaintiffs will suffer no consequences from its delay is, with all due respect, utterly without merit.

IV.   CONCLUSION

For the foregoing reasons, Graco's Motion for Leave to File Notice of Non-Party at Fault should be denied.

---

[2] Plaintiffs' understanding in this regard was further substantiated, if not confirmed, in the language Graco used in the "Parties Joint Statement of the Case" filed June 4, 2014. In that pleading, which was filed after this Court ordered the parties to summarize their "*major claims and defenses*," Graco did not even *hint* that Thibodeau's fault was at issue. (Mich. Doc. #23). There is no doubt that shifting blame to a non-party would, under anyone's understanding, be a "major defense." Yet Graco said nothing.

5

Respectfully submitted,

**DOUTHIT FRETS ROUSE GENTILE & RHODES, LLC**

/s/ R. Douglas Gentile_____
R. Douglas Gentile
Co-counsel for Plaintiff
5250 W. 116th Place, Suite 400
Leawood, KS 66211
(913) 387-1600

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served by email this 6th day of October, 2014, upon:

| | |
|---|---|
| Joseph J. Krasovec | Gregory L. Curtner (P12414) |
| Heidi Oertle | Jessica A. Sprovtsoff (P70218) |
| SCHIFF HARDIN LLP | SCHIFF HARDIN LLP |
| jkrasovec@schiffhardin.com | gcurtner@schiffhardin.com |
| hoertle@schiffhardin.com | jsprovtsoff@schiffhardin.com |
| *Attorneys for Defendant* | *Attorney for Defendant* |

/s/ R. Douglas Gentile_____
Attorney for Plaintiff