UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JERMANO and DORY ANN
JERMANO, as Parents and Natural
Guardian of MIA JERMANO, a minor, and
In their own right, DORY ANN JERMANO,
and DOROTHY BERGE,

               Case No. 13-cv-10610

  Plaintiffs,

v.                Hon. Matthew F. Leitman

GRACO CHILDREN'S PRODUCTS INC.  Magistrate Judge Mona K. Majzoub

  Defendant.

---

| | |
|---|---|
| DOUTHIT, FRETS, ROUSE, GENTILE & RHODES, LLC<br>Raymond D. Gentile<br>5250 W. 116th Place, Suite 400<br>Leawood, KS 66211<br>913-387-1600 (Phone)<br>913-928-6739 (Fax)<br>dgentile@dfrglaw.com (E-mail) | SCHIFF HARDIN LLP<br>Joseph J. Krasovec<br>Heidi K. Oertle<br>233 South Wacker Drive<br>Suite 6600<br>Chicago, IL 60606<br>312-258-5500 (Phone)<br>312-258-5600 (Fax)<br>jkrasovec@schiffhardin.com (E-mail)<br>hoertle@schiffhardin.com (E-mail) |
| THOMAS, GARVEY & GARVEY<br>Robert F. Garvey (P24897)<br>24825 Little Mack Ave.<br>St. Clair Shores, MI 48080<br>586-779-7810 (Phone)<br>586-779-4912 (Fax)<br>bobgarvey@me.com (E-mail) | SCHIFF HARDIN LLP<br>Gregory L. Curtner (P12414)<br>Jessica A. Sprovtsoff (P70218)<br>350 S. Main Street<br>Suite 210<br>Ann Arbor, MI 48104<br>734-222-1518 (Phone)<br>734-222-1501 (Fax)<br>gcurtner@schiffhardin.com (E-mail)<br>jsprovtsoff@schiffhardin.com (E-mail) |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

**REPLY BRIEF IN SUPPORT OF**
**DEFENDANT GRACO CHILDREN'S PRODUCTS INC.'S**
**MOTION FOR LEAVE TO FILE NOTICE OF NON-PARTY AT FAULT**

Defendant Graco Children's Products Inc. ("Graco") respectfully submits the following reply in support of its Motion for Leave to File Notice of Non-Party at Fault [Docket #27].

**INTRODUCTION**

Plaintiffs' opposition to Graco's motion for leave to file a notice of non-party at fault is based on their assertions that such a notice (1) is untimely and (2) would unduly prejudice them. Neither claim is true, however. First, Michigan law expressly sets forth a mechanism for filing a notice of non-party at fault beyond the initial 91-day period after a responsive pleading is filed. As set forth in its motion, Graco filed this motion following testimony taken recently in August 2014, the police report alone did not give Graco a sufficient basis to make such a motion, and therefore its motion is timely. Second, Plaintiffs will not suffer any prejudice if the Court allows this motion. Fact discovery is still ongoing, and does not close until mid-December. The notion that Graco was somehow dilatory in completing depositions several months before the close of fact discovery, and therefore somehow intentionally prejudiced Plaintiffs, is absurd. Plaintiffs still have more than two months to complete any additional discovery they feel is necessary given this issue. Plaintiffs' opposition is motivated by a desire to avoid the clear impact

of Michigan law requiring that defendants who are only partly at fault should not be subject to excessive damages. *See Smith v. Norfolk S. Co.*, No. 14-CV-10426, 2014 WL 2615278, at *3 (E.D. Mich. June 12, 2014). The Court should reject that attempt and grant Graco's motion.

## ARGUMENT

**I. Graco's Motion is Timely Under Michigan Law Because The Police Report Alone Did Not Provide a Basis to Identify the Other Driver as a Non-Party at Fault.**

Contrary to Plaintiffs' suggestion, MCR 2.112(K) provides two timeframes to identify a potential non-party at fault, not only the automatic notice a defendant may file within 91 days of filing its first responsive pleading. MCR § 2.112(K)(3)(c). The relevant statute also provides that "the court *shall* allow a later filing of the notice" on the requisite showing by a defendant. MCR § 2.112 (K)(3)(c) (emphasis added).

Graco has made the requisite showing based on the recently completed depositions of the passengers of the other vehicle involved in this case. Plaintiffs suggest that Graco could have filed its notice of non-party of fault within the initial 91-day period based on the police report alone. That is not true, however, given the requirement that the moving party must provide "the basis for believing the nonparty is at fault." MCR § 2.112(K)(3)(b). The police report states only that the Thibodeau vehicle crossed the center line and collided with the Jermano vehicle,

but does not indicate why or how the accident occurred. *See* State of Michigan Traffic Crash Report at 4 (attached as **Ex. A**.[1]) Mr. Thibodeau could have crossed the line for reasonable and non-negligent reasons, such as to avoid hitting a pedestrian, or a defect in his car. Indeed, Plaintiffs admit that Graco did not have information indicating "why or how [Andrew] Thibodeau may have been at fault" until the recent August 2014 depositions. (Pls.' Br. p. 3.) It was not until those depositions that Graco learned Thibodeau may have been under the influence of narcotics, and that he may have been speeding and ignoring traffic lights.

Plaintiffs' suggestion that Graco somehow strategically waited to take these depositions is also unfounded. Depositions of fact witnesses, including Mr. Thibodeau, could not be completed until Plaintiffs' depositions concluded. Plaintiffs' depositions were taken in July of 2014, in part because of (1) ongoing settlement discussions between the parties; (2) a change in counsel of record for Plaintiffs that delayed discovery; and (3) Plaintiffs' not answering written discovery that Graco issued in May of 2013 until April of 2014. The very next day after Plaintiffs were deposed, Graco requested that Plaintiffs' counsel provide dates for the depositions of Mr. Thibodeau and his passengers, and they were scheduled shortly thereafter. *See* H. Oertle July 9, 2014 Email (attached as **Ex. B**). There was no delay on Graco's part in conducting these depositions, and indeed fact

---

[1] Graco has redacted the identification of minor M.J. from the police report.

discovery remains open for several more months. *See* Amended Case Management Requirements and Scheduling Order [Docket #24].

Allowing Graco to identify Andrew Thibodeau as a non-party at fault would comport with the purpose of Michigan's notice of non-party at fault: preventing defendants from excessive exposure for the conduct of others. *Smith v. Norfolk S. Co.*, No. 14-CV-10426, 2014 WL 2615278, at *3 (E.D. Mich. June 12, 2014) ("Given the change of the legislative focus on the tort reparations system in Michigan from making an injured plaintiff whole to protecting partially at-fault defendants from excessive exposure to damages, the Court believes that Michigan courts would conclude that liability must be apportioned....") Graco acted reasonably and the Court should reject Plaintiffs' claim that the instant motion is untimely.

## II. Plaintiffs Will Suffer No Prejudice.

Finally, Plaintiffs will suffer no prejudice if Graco's motion is granted. First, fact discovery does not close until December 17, 2014. *See* Docket #24. Plaintiffs still have ample time to conduct any discovery they deem necessary, and in the event they do not, Graco will not oppose an extension of existing deadlines. In any event, delay alone is insufficient to create prejudice following a notice of non-party at fault. *Salter v. Patton*, 682 N.W.2d 537, 542 (Mich. Ct. App. 2004) ("Thus, there is no prejudicial 'change of focus' of the trial and, other than the fact

that trial may have been delayed to give plaintiff more time to prepare, there does not appear to be a prejudicial effect on plaintiff.") Courts applying Michigan law do not typically find prejudice unless the notice causes a substantial change in plaintiff's causes of action. *Id.*; *see also Quintal v. Von Maur Inc.*, No. 12-11521, 2012 WL 6000404, at *4 (E.D. Mich. Nov. 30, 2012) ("Moving next as whether plaintiff is prejudiced by the late notice, there is no prejudice. Allowing defendant to file a non-party notice of fault does not alter plaintiff's causes of action.") That is not the case in this situation. Therefore, the Court should reject Plaintiffs' argument that they would be prejudiced by the identification of Mr. Thibodeau as a non-party at fault.

## CONCLUSION

Graco's motion is not untimely given the testimony at the August depositions, and Plaintiffs would not be prejudiced by allowing the motion. The Court should therefore grant Graco's Motion for Leave to File Notice of Non-Party at Fault.

Dated: October 9, 2014              Respectfully submitted,

                                    By:  /s/ Heidi K. Oertle

                                    SCHIFF HARDIN LLP
                                    Joseph J. Krasovec (6201456)
                                    Heidi K. Oertle (6275632)
                                    233 South Wacker Drive

Suite 6600
Chicago, IL 60606
312-258-5500 (Phone)
312-258-5600 (Fax)
jkrasovec@schiffhardin.com (E-mail)
hoertle@schiffhardin.com (E-mail)

SCHIFF HARDIN LLP
Gregory L. Curtner (P12414)
Jessica A. Sprovtsoff (P70218)
350 S. Main Street
Suite 210
Ann Arbor, MI 48104
734-222-1518 (Phone)
734-222-1501 (Fax)
gcurtner@schiffhardin.com (E-mail)
jsprovtsoff@schiffhardin.com (E-mail)

ATTORNEYS FOR DEFENDANT
GRACO CHILDREN'S PRODUCTS INC.

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on October 9, 2014, she caused the foregoing documents to be served on all counsel of record via the Court's ECF system.

/s/ Heidi Oertle
Heidi Oertle

10808-1496
CH2\15478895.3