UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JERMANO, et al.,

    Plaintiff,

Case No. 13-cv-10610
Hon. Matthew F. Leitman

v.

GRACO CHILDREN'S PRODUCTS, INC.,

    Defendant.
_____/

**ORDER REQUIRING THE PARTIES TO SUBMIT SUPPLEMENTAL BRIEFS WITH RESPECT TO DEFENDANT'S MOTION FOR LEAVE TO FILE NOTICE OF NON-PARTY AT FAULT (ECF #27)**

On October 2, 2014, Defendant Graco Children's Products, Inc. ("Graco") filed a Motion for Leave to File Notice of Non-Party at Fault. (*See* ECF #27.) In its motion, Graco sought permission pursuant to Michigan Court Rule 2.112(K)(3)(c) to file a late notice naming Andrew Thibodeau as a non-party at fault in this action. (*See id.*) The Court held a hearing on Graco's motion on October 23, 2014.

At the conclusion of the hearing, the Court ordered the parties to submit supplemental briefing on a number of topics related to Graco's motion. Upon reflection, the Court has determined that the parties would benefit from written direction with respect to the supplemental briefing.

1

Accordingly, **IT IS HEREBY ORDERED THAT** the parties shall submit supplemental briefs addressing the following:

1) Are Plaintiffs' claims governed by Michigan law, Pennsylvania law, or the law of some other state?

2) If Michigan law applies, does MCR 2.112(K), and its subsections, apply in this federal action? The Court asks that in responding to this question, the parties address, among other things, *Staff v. Johnson*, 242 Mich. App. 521, 619 N.W.2d 57 (2000), *Taylor v. Michigan Petroleum Technologies, Inc.*, 2014 WL 5149930 (Mich. Ct. App. Oct. 14, 2014), and MCL § 600.2957.

3) If MCR 2.112(K) does not apply in this federal action, is Graco required to provide notice in any of its pleadings, or provide any other type of notice, concerning its intent to seek an allocation of fault to non-parties? If so, what is the legal source of the obligation to provide notice, what type of notice is Graco is sufficient, and when must such a notice be provided?

4) If Graco is required to provide notice of its intent to seek an allocation of fault to non-parties, and if such notice has not yet been given, what standard should the Court use to determine if Graco should be allowed to provide this notice now and proceed with its attempt to allocate fault to a non-party?

5) By listing these issues to address, the Court does not mean to restrict the range of arguments available to the parties with respect to the choice of law and notice issues raised by Graco's motion.

The Court still believes that the parties would benefit from reviewing the transcript of the hearing on Graco's motion before drafting their supplemental briefs. Therefore, **IT IS FURTHER ORDERED THAT** Graco shall submit its supplemental brief within twenty-eight (28) days after it receives the transcript of the hearing. Plaintiffs shall file their supplemental brief within twenty-eight (28) days after Graco's filing. The parties' briefs shall be no more than twenty-five (25) pages each. The parties may seek additional pages, if necessary, by e-mailing the Court's Case Manager, Holly Monda.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: October 24, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 24, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(313) 234-5113