UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JERMANO, et al.,

       Plaintiffs,               Case No. 13-cv-10610

v.

                             Hon. Matthew F. Leitman

GRACO CHILDREN'S PRODUCTS INC.

                             Magistrate Judge Mona K. Majzoub

       Defendant.

---

DOUTHIT, FRETS, ROUSE, GENTILE &
RHODES, LLC
Raymond D. Gentile
5250 W. 116th Place,
Suite 400
Leawood, KS 66211
913-387-1600 (Phone)
913-928-6739 (Fax)
dgentile@dfrglaw.com (E-mail)


THOMAS, GARVEY & GARVEY
Robert F. Garvey (P24897)
24825 Little Mack Avenue
St. Clair Shores, MI 48080
586-779-7810 (Phone)
586-779-4912 (Fax)
bobgarvey@me.com (E-mail)



*Attorneys for Plaintiffs*

SCHIFF HARDIN LLP
Joseph J. Krasovec
Heidi K. Oertle
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
312-258-5500 (Phone)
312-258-5600 (Fax)
jkrasovec@schiffhardin.com (E-mail)
hoertle@schiffhardin.com (E-mail)


SCHIFF HARDIN LLP
Gregory L. Curtner (P12414)
Jessica A. Sprovtsoff (P70218)
350 S. Main Street, Suite 210
Ann Arbor, MI 48104
734-222-1518 (Phone)
734-222-1501 (Fax)
gcurtner@schiffhardin.com (E-mail)
jsprovtsoff@schiffhardin.com (E-mail)


*Attorneys for Defendant*

## DEFENDANT GRACO CHILDREN'S PRODUCTS INC.'S
## MOTION TO STRIKE DR. RUSSELL DUNN'S ERRATA SHEET

Defendant Graco Children's Products Inc. ("Graco") respectfully submits its Motion to Strike Dr. Russell Dunn's errata sheet.  Dr. Dunn, one of plaintiffs' expert witnesses, now attempts to make substantive changes to his deposition testimony in violation of the Sixth Circuit's prohibition against making substantive changes, deletions and additions to sworn testimony.  Further, Dr. Dunn's errata sheet fails to comply with Federal Rule of Civil Procedure 30(e) by omitting any reason for the wholesale changes he is attempting to make to his deposition transcript.  For these reasons, as more fully described in the accompanying brief in support of this Motion, Graco respectfully requests that Dr. Dunn's errata sheet be stricken.

## STATEMENT OF CONFERENCE

Graco's counsel has contacted Plaintiffs' counsel pursuant to E.D. Mich. L.R. 7.1(a), explained the nature of this motion and its legal basis, and requested concurrence in the relief sought.  Plaintiffs' counsel did not concur in the relief sought.

**BRIEF IN SUPPORT OF DEFENDANT**
**GRACO CHILDREN'S PRODUCTS INC.'S**
**MOTION TO STRIKE DR. RUSSELL DUNN'S ERRATA SHEET**

Graco respectfully prays that this Court grant its Motion to Strike Dr. Russell Dunn's Errata Sheet because it (1) contains substantive changes in violation of Sixth Circuit precedent and (2) violates Federal Rule of Civil Procedure 30(e) by failing to provide the reasons for the changes.

## ISSUE PRESENTED

Should this Court strike Dr. Russell Dunn's errata sheet?

## SHORT ANSWER

Yes.  First, Dr. Dunn's proposed 23 substantive changes to his deposition testimony violates Sixth Circuit precedent holding that a deponent may make only typographical, and not substantive, changes.   Second, Federal Rule of Civil Procedure 30(e) requires a deponent to provide "the reasons for making" the requested changes; Dr. Dunn did not provide a single reason for any of the changes to his testimony he proposes.

1

## <u>CONTROLLING AUTHORITY</u>

FED. R. CIV. P. 30(e)

*Trout v. FirstEnergy Generation Corp.*, 339 F. App'x 560 (6th Cir. 2009)


## <u>OTHER MOST APPROPRIATE AUTHORITY</u>

*Clare v. Chrysler Grp., LLC*, No. 13-11225, 2014 WL 2515212 (E.D. Mich. June 4, 2014)

*Mullins v. Cyranek*, No. 1:12CV384, 2014 WL 3573498 (S.D. Ohio July 21, 2014)

*Walker v. 9912 E. Grand River Associates, LP*, No. 11-12085, 2012 WL 1110005 (E.D. Mich. Apr. 3, 2012)

2

## FACTUAL BACKGROUND

This case arises out of a motor vehicle crash in Michigan involving three vehicles on October 26, 2010.  Plaintiffs sued Graco, the manufacturer of the booster seat in which M.J. was allegedly seated at the time of the accident, alleging that the booster seat was defectively designed and manufactured.  Plaintiffs have proffered Russell Dunn, Ph.D. as an expert in plastics and plastic polymers.  He intends to provide opinion testimony at trial regarding, among other things, whether a manufacturing defect exists in a component of the booster seat because it was allegedly made less thick than specified in the part drawings for that component.  Counsel for Graco took Dr. Dunn's deposition on January 19, 2015. (R. Dunn Dep., Jan. 19. 2015, Ex. A.)

Following his deposition, Dr. Dunn submitted an errata sheet that would significantly alter his deposition testimony.  Graco received that errata sheet on February 26, 2015.  (R. Dunn Errata Sheet, Ex. B.)  Dr. Dunn's errata sheet is 6 pages long and contains 23 substantive changes to his deposition testimony.  For the Court's convenience, attached as Exhibit C is a table indicating Dr. Dunn's testimony as it appears in his deposition transcript, and how he now wants that testimony to be changed.

## **ARGUMENT**

Federal Rule of Civil Procedure 30(e) governs how and when a deponent may review his or her deposition transcript and provide changes:

> (1) *Review; Statement of Changes.*  On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
>> (A) to review the transcript or recording; and
>>
>> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

FED. R. CIV. P. 30(e).

Russell Dunn's proposed errata sheet violates Rule 30(e) and should be stricken for two independent reasons.  First, it violates Sixth Circuit precedent, which allows deposition errata to correct only typographical errors.  Second, it violates the text of Rule 30(e)(1)(B) by not providing any reason for the proposed changes.

## I.  **Russell Dunn's Errata Sheet Includes Several Substantive Changes, Violating Sixth Circuit Precedent.**

The Sixth Circuit has held that a deponent may not make substantive changes through an errata sheet:

> Rule 30(e) does not allow one to alter what was said under oath.   If that were the case, one could merely answer the questions with no thought at all, then return

4

> home and plan artful responses.  Depositions differ from
> interrogatories in that regard.  *A deposition is not a take
> home examination.*

*Trout v. FirstEnergy Generation Corp.*, 339 F. App'x 560, 565 (6th Cir. 2009)

(emphasis added).[1]

Courts in this district consistently hold that a party may correct only typographical errors through an errata sheet.  *Clare v. Chrysler Grp., LLC*, No. 13-11225, 2014 WL 2515212, at *1 (E.D. Mich. June 4, 2014) ("The Sixth Circuit... stated that it prohibits any type of material alterations to a deposition transcript and only allows a party to use Rule 30(e) to correct a typographical error.) (quoting and interpreting *Trout*); *Walker v. 9912 E. Grand River Associates, LP*, No. 11-12085, 2012 WL 1110005, at *3 (E.D. Mich. Apr. 3, 2012) (granting defendant's motion for summary judgment after determining errata sheet violated Sixth Circuit

---

[1] Following transfer of a matter under 28 U.S.C. § 1404(a), federal district courts apply the appellate precedent of the circuit in which they sit to interpret the Federal Rules of Civil Procedure. *McMasters v. United States*, 260 F.3d 814, 819 (7th Cir. 2001) (holding district court properly applied transferee court's appellate precedent regarding Federal Rules of Civil Procedure following transfer under 1404(a)); *see also Van Dusen v. Barrack*, 376 U.S. 612, 639 n.40 (1964) ("Of course, the transferee District Court may apply its own rules governing the conduct and dispatch of cases in its court."); *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1223 (11th Cir. 2008) ("A transferee court is not required to apply the law of the transferor court when, as here, the transferee court interprets federal law."); *Various Plaintiffs v. Various Defendants* (Oil Field Cases), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009) ("In applying substantive law, the transferee court must distinguish between matters of federal and state law. In matters requiring the interpretation of the Constitution, a federal law or a federal rule of procedure, a transferee court applies the law of the circuit where it sits.")

precedent) ("[T]he Sixth Circuit is apparently the one court of appeals that permits a deponent to correct only typographic and transcription errors.") (internal quotations and citations omitted). Other district courts in the Sixth Circuit have held the same. *See, e.g., Mullins v. Cyranek*, No. 1:12CV384, 2014 WL 3573498, at *2 (S.D. Ohio July 21, 2014).

As shown in the chart attached as Exhibit C, Dr. Dunn has proposed 23 substantive changes to his deposition testimony through his errata sheet. The first proposed change involves changing a sentence to mean the exact opposite of what Dr. Dunn said under oath. (R. Dunn Errata Sheet, Ex. B, #1. ("'front' should be 'back'").) Other proposed changes would add entire sentences to what are already clearly completed responses to the questions posed. (*Id.*, *e.g.*, #s 6-9, 11, 13, 18, 22-23.) Yet others purport to delete entire blocks of testimony. (*Id.*, *e.g.*, #s 2, 3, 10.) All of these changes violate the Sixth Circuit's interpretation of Rule 30(e), and this Court should strike them.

## II.    Russell Dunn's Errata Sheet Also Violates Rule 30(e)(1)(B) Because It Provides No Reason For The Changes.

Rule 30(e) explicitly requires the deponent to "provide the reasons for making" changes. Fed. R. Civ. P. 30(e). District courts properly strike errata sheets that do not include reasons for the proposed changes. *See, e.g., Downing v. J.C. Penney, Inc.*, No. 11-15015, 2012 WL 4358628, at *9n.4 (E.D. Mich. Sept. 23, 2012) (citations omitted); *Duff v. Lobdell-Emery Mfg. Co.*, 926 F. Supp.

6

799, 804 (N.D. Ind. 1996) ("Because Mr. Tam did not provide an explanation for his changes to his deposition testimony at page 7 of his deposition transcript, the court grants Mr. Duff's motion to strike with respect to this evidence...").

Dr. Dunn's errata sheet completely fails to provide any reason for any of the changes he seeks to make.  (R. Dunn Errata Sheet, Ex. B.)  Accordingly, and for this additional reason, this Court should strike Dr. Dunn's errata sheet, as other district courts have done under the same circumstances.

## **CONCLUSION**

WHEREFORE, Graco respectfully prays that this Court grant its Motion to Strike Dr. Russell Dunn's Errata Sheet because it (1) contains substantive changes (2) for which it provides no justification.


Dated: March 9, 2015                    Respectfully submitted,

By:  /s/ Heidi K. Oertle

SCHIFF HARDIN LLP
Joseph J. Krasovec (6201456)
Heidi K. Oertle (6275632)
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
312-258-5500 (Phone)
312-258-5600 (Fax)
jkrasovec@schiffhardin.com (E-mail)
hoertle@schiffhardin.com (E-mail)

7

SCHIFF HARDIN LLP
Gregory L. Curtner (P12414)
Jessica A. Sprovtsoff (P70218)
350 S. Main Street
Suite 210
Ann Arbor, MI 48104
734-222-1518 (Phone)
734-222-1501 (Fax)
gcurtner@schiffhardin.com (E-mail)
jsprovtsoff@schiffhardin.com (E-mail)

ATTORNEYS FOR DEFENDANT
GRACO CHILDREN'S PRODUCTS INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on March 9, 2015, she caused the foregoing documents to be served on all counsel of record via the Court's ECF system.

/s/ Heidi Oertle
Heidi Oertle

10808-1496
CH2\16243594.2