# EXHIBIT C
# CHART OF PROPOSED CHANGES TO RUSSELL DUNN'S TRANSCRIPT

# EXHIBIT C: CHART OF PROPOSED CHANGES TO RUSSELL DUNN'S TRANSCRIPT

|   | Citation | Original | Modified To: | Nature of Change In Testimony |
|---|---|---|---|---|
| 1. | 101:25 | I believe it's the front end. | I believe it's the ~~front~~ **back** end. | Substantive change in testimony. |
| 2. | 101:25-102:6 | So that would correspond to a .10 inches. Because if I understand things correctly from the CAD files or from Mr. Brunick's testimony, is that one end was intended to be .1 inches. I believe the front. And then all the way to the back, which we've seen in the CAD file, is intended to be .096 inches. | ~~So that would correspond to a .10 inches. Because if I understand things correctly from the CAD files or from Mr. Brunick's testimony, is that one end was intended to be .1 inches. I believe the front. And then all the way to the back, which we've seen in the CAD file, is intended to be .096 inches.~~ | Deletes entire block of testimony. |
| 3. | 102:11-14 | I think questions came up with respect to the fact that the CAD file shows that it's .096 because of a draft angle from the front to the back. | ~~I think questions came up with respect to the fact that the CAD file shows that it's .096 because of a draft angle from the front to the back.~~ | Deletes entire block of testimony. |
| 4. | 103:5-6 | One side is .1 inches and the other is .096 inches. | One side is .1 inches and the other is ~~.096 inches.~~ **something less because of the draft angle**. | Substantive change in testimony. |

|    | Citation   | Original | Modified To: | Nature of Change In Testimony |
|----|-----------|----------|--------------|-------------------------------|
| 5. | 103:19-21 | Because you can see the .081, it's intended to show where .081 is relative to an anticipated thickness of either .096 or .10 inches. | Because you can see the .081, it's intended to show where .081 is relative to an anticipated thickness of ~~either .096 or~~ .10 inches. | Deletes substantive testimony. |
| 6. | 105:10    | No. That's fine. If I were to take the minimum – if I were to take the CAD file and say that it's .096 inches on either end – I really don't care – on either end. If you subtract from .096 the tolerance of .005, you end up with .091 inches. That would be a minimum thickness for it to still be within specification. And if .091 happens to be the minimum specification for it to still be within – the minimum thickness for it to still be within specification, if you look at the actual measurements on the CT scan as items number 3-1 through 3-11, you see that all of those are less than that value. | **However, Mr. Brunick did not intend for any part of the hook to be less than .01 inches thick.** | Adds new testimony to end of completed answer. |

| | Citation | Original | Modified To: | Nature of Change In Testimony |
|---|---|---|---|---|
| 7. | 105:16-17 | It's .096 minus the tolerance. | It's .096 minus the tolerance~~.~~**, if your basis is the CAD file. 0.095 inches is the low end of the thickness if you use Mr. Brunick's intended design thickness of .010 inches.** | Adds new testimony to end of completed answer. |
| 8. | 106:1 | Yes. | Yes~~.~~**, if your basis is the CAD file and not the intended design thickness.** | Adds new testimony to end of completed answer. |
| 9. | 106:2-25 | What I did was I gave them the benefit of the doubt, and I used the .096, which is the minimum either front or back that they intended for the part to be at. | What I did was I gave them the benefit of the doubt, and I used the .096, which is the minimum either front or back that they intended for the part to be at~~.~~**, if the CAD file is your basis. Again, this is not the intended thickness of 0.10 inches as stated by Mr. Brunick.** | Adds new testimony to end of completed answer. |
| 10. | 128:17-18 | I don't know that that's what they are talking about. It got a severity of nine, which can have to do with injury or compliance. | ~~I don't know that that's what they're talking about. I got a severity of nine, which can have to do with injury or compliance.~~ | Deletes substantive testimony. |

-3-

|  | Citation | Original | Modified To: | Nature of Change In Testimony |
|---|---|---|---|---|
| 11. | 128:19 | I don't know that that's what they are talking about. It got a severity of nine, which can have to do with injury or compliance. | **This issue was discussed in Graco's Safety Review Meeting on 12/19/05. Michael Langmaid in his deposition on 11/13/14 clearly indicated that, on the CAPA, severity means injury potential.** | Adds new testimony to end of completed answer. |
| 12. | 133:14 | I can't answer that. I don't know. | ~~I can't answer that. I don't know.~~ **Adding more plastic would increase the likelihood that the belt stays in the belt guide for a longer time period.** | Deletes substantive testimony and replaces with different testimony. |
| 13. | 133:22 | From Graco's CAD file, yes. | From Graco's CAD file, yes~~.~~ **and 2D drawing and Brunick testimony.** | Adds new testimony to end of completed answer. |
| 14. | 145:24-146:3 | And while you do it before design to make sure you're putting the right design in place, I think what I indicated somewhere in here is that it's a living document that you constantly go back to and re-evaluate it as you learn more. | And ~~while~~ you do it before design to make sure you're putting the right design in place, I think what I indicated somewhere in here is that it's a living document that you constantly go back to and re-evaluate it as you learn more. | Deletes substantive testimony. |

|     | Citation  | Original | Modified To: | Nature of Change In Testimony |
| --- | --------- | -------- | ------------ | ----------------------------- |
| 15. | 148:17-21 | If you've got a weak part - - a weak component in a whole subsystem, I don't - - without addressing that weak component and what it can cause, you can't say that the overall component is okay. | If you've got a weak part - - a weak component in a whole subsystem, I don't - - without addressing that weak component and what it can cause, you can't say that the overall ~~component~~ **product** is okay. | Deletes and changes substantive testimony. |
| 16. | 159:22-23 | There's certain properties polypropylene has, like UV. | There's certain properties polypropylene has, like UV **degradation**. | Adds substantive testimony to completed answer. |

|     | Citation | Original | Modified To: | Nature of Change In Testimony |
|-----|----------|----------|--------------|-------------------------------|
| 17. | 162:21   | That's from my experience working on over 150 failure analysis cases and teaching product design, where you would have to – if I were to ask if a certain component failed, would it have safety implications. And it seems quite clear to me and easy to me to say that the part of the device that's guiding the seatbelt webbing, when this is a child safety seat and you're intending to keep a child restrained, that the component that guides that webbing has to be a safety critical item. | **The belt guide is intended to keep the shoulder belt in a proper position during a crash event.** | Adds new testimony to end of completed answer. |

| | Citation | Original | Modified To: | Nature of Change In Testimony |
|---|---|---|---|---|
| 18. | 173:20 | -- by Graco, had they taken that line item that talked about the hook from the CAPA, had they fully put that in an FMEA, and they evaluated all the ways the hook can fail, we would have seen whether it's a compliance issue or if it's an injury issue. I can only speculate from the CAPA. Because a nine has to do with injury or compliance – I believe it had to do with injury. | **Also, Michael Langmaid in his deposition on 11/13/14 indicated that the severity rating on the CAPA refers to injury potential.** | Adds new testimony to end of completed answer. |
| 19. | 174:13-16 | While I recognize that that's what the document says, severity, as I've known it and really looked at FEMA documentation, has almost always been about injury. | While I recognize that that's what the document says, severity, as I've known it and really looked at FEMA documentation, has ~~almost~~ always been about injury. | Deletes substantive testimony. |
| 20. | 175:8 | It - - it - - it does not. | It - - it - - it does not~~.~~**; however, Langmaid in his deposition stated that severity ranking refers to injury potential.** | Adds new testimony to end of completed answer. |
| 21. | 176:12 | Well, I'm sorry. | ~~Well, I'm sorry.~~ | Deletes substantive testimony. |

|     | Citation | Original | Modified To: | Nature of Change In Testimony |
| --- | --- | --- | --- | --- |
| 22. | 176:13 | Well, I'm sorry. I'm thinking as a designer because that's my background. | **Langmaid stated in his deposition that it was not the design intent of the shoulder belt to come out during a crash. Gerhart in his deposition stated that the design intent of the guide is to keep the belt guide in position in a crash; it should be there throughout the crash.** | Adds new testimony to end of completed answer. |
| 23. | 181:15 | As defined on the CAPA, that is correct. | **Langmaid, Graco's own employee, has stated that severity ranking refers to injury.** | Adds new testimony to end of completed answer. |