UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JERMANO, et al.,

       Plaintiffs,                     Case No:  13-10610

      v.                               Hon. Matthew F. Leitman

GRACO CHILDREN'S PRODUCTS, INC.      Magistrate Judge Mona K. Majzoub

       Defendant,

_____

Robert F. Garvey (P24897)
THOMAS GARVEY & GARVEY
Attorneys for Plaintiff
24825 Little Mack
St. Clair Shores, MI 48080
586-779-7810 (Phone)
586-779-4912 (Fax)
*Attorneys for Plaintiffs*

R. Douglas Gentile
DOUTHIT FRETS ROUSE GENTILE
   & RHODES, LLC
5250 W. 116th Place, Suite 400
Leawood, KS 66211
913-387-1600 (Phone)
913-928-6739 (Fax)
*Attorneys for Plaintiffs*

Joseph J. Krasovec
Heidi Oertle
SCHIFF HARDIN LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
312-258-5500 (Phone)
312-258-5600 (Fax)
*Attorneys for Defendant*

Gregory L. Curtner (P12414)
Jessica A. Sprovtsoff (P70218)
SCHIFF HARDIN LLP
350 S. Main Street, Suite 210
Ann Arbor, MI 48104
734-222-1518 (Phone)
734-222-1501 (Fax)
*Attorney for Defendant*

## PLAINTIFFS' OPPOSITION BRIEF TO GRACO'S
## MOTION TO STRIKE DR. RUSSELL DUNN'S ERRATA SHEET

Plaintiffs respectfully request this Court deny Graco's Motion To Strike Dr. Russell Dunn's Errata Sheet. The motion should be denied.

## ISSUE PRESENTED

Should this Court strike Dr. Dunn's errata sheet?

## SHORT ANSWER

No, for several reasons: (1) Dr. Dunn has an affirmative duty to supplement information included in his report and information given during his deposition pursuant to Fed. R. Civ. P. 26(e)(2); (2) the changes in the errata sheet are not material changes to Dr. Dunn's deposition testimony; (3) any changes outlined on the errata sheet have been clarified in Dr. Dunn's attached Supplemental Report and accompanying exhibits (Exhibit A), making Graco's challenges moot; and (4) Graco has waived its objection to the form of the errata sheet.

## CONTROLLING AUTHORITY

FED. R. CIV. P. 26(e)(2)

## OTHER MOST APPROPRIATE AUTHORITY

*Aguirre v. Mitsubishi Motors N. Am., Inc.*, No. 3:11-CV-00225, 2012 WL 4506009 (M.D. Tenn. Sept. 28, 2012)

*Hamilton v. Breg*, Civil Action No. 2:09–CV–146, 2010 WL 2889089 (S.D. Ohio July 20, 2010)

*Powell v. Tosh*, 942 F. Supp. 2d 678 (W.D. Ky. 2013), *adhered to on denial of reconsideration*, No. 5:09-CV-00121-TBR, 2013 WL 1878934 (W.D. Ky. May 3, 2013)

*Union Ins. Co. v. Delta Casket Co.*, No. 06-2090, 2009 WL 6366865 (W.D. Tenn. Nov. 30, 2009)

**ARGUMENT**

Federal Rule of Civil Procedure 26(e)(2) governs a party's duty to supplement disclosures and responses. Pursuant to Rule 26(e)(2), Dr. Dunn has an affirmative duty to supplement information included in his report and information given during his deposition. Additionally, the changes in the errata sheet are not material changes to Dr. Dunn's deposition testimony, any changes outlined on the errata sheet have been clarified in Dr. Dunn's attached Supplemental Report and accompanying exhibits (Exhibit A), rendering Graco's challenges moot, and Graco has waived its objection to the form of the errata sheet.

### I. Dunn Has a Duty to Supplement Information Given During a Deposition Pursuant to Rule 26(e)(2).

Fed. R. Civ. P. 26(e)(2) provides that an expert witness's duty to supplement "extends both to information included in the report and to information given during the expert's deposition." It also states that any additions or changes to this information must be disclosed by the time the party's pretrial disclosures are due.

District Courts in the Sixth Circuit have explained that, pursuant to Rule 26(e)(2), an expert may supplement or correct his opinions after issuing his report and being deposed. *Aguirre v. Mitsubishi Motors N. Am., Inc.*, No. 3:11-CV-00225, 2012 WL 4506009, at *6-7 (M.D. Tenn. Sept. 28, 2012); *see also Hamilton v. Breg*, Civil Action No. 2:09–CV–146, 2010 WL 2889089, at *3 (S.D. Ohio July 20, 2010) (refusing to strike expert's memorandum purporting to correct earlier testimony, where memorandum "may in fact be the sort of supplementation or correction of 'information given during the expert's deposition' required by Fed. R. Civ. P. 26(e)(2)").

In *Aguirre v. Mitsubishi Motors N. Am., Inc.*, the plaintiffs' expert provided an affidavit that Mitsubishi challenged for various reasons. No. 3:11-CV-00225, 2012 WL 4506009, at *6.

4

The court found that the expert's affidavit was simply an attempt to reconcile specific data at issue with his original report and opinions, and held that Mitsubishi faced no unfair surprise at trial if the challenged portion of the affidavit was admitted into evidence. *Id.* at *7. It went on to explain that the affidavit did not violate Rule 26(a)(2)(B), and noted that the expert had "complied with his obligations under [Rule 26(e)], which require him to correct or supplement his opinions sufficiently in advance of trial." *Id.*  Mitsubishi's motion was denied. *Id.*

In *Powell v. Tosh*, the plaintiff's expert, in responding to defendant's *Daubert* challenges, submitted a 28 page supplemental "declaration." 942 F. Supp. 2d at 710-11. The defendant moved to strike the declaration, arguing that it contained "material changes" to the expert's previously disclosed opinions. *Id.*  The Court explained that Rule 26(e)(2) allows for any additions or changes to an expert's report up until the time the party's pretrial disclosures are due under Rule 26(a)(3), and denied the motion to strike. *Id.*

Here, the errata sheet merely clarified portions of the deposition testimony so that the transcript was consistent with the report. (See Affidavit, attached as Exhibit A). Pursuant to Rule 26(e)(2), Dr. Dunn in fact had a **duty** to supplement and/or **correct** his opinions after being deposed. Courts in this Circuit have clearly expressed that a memorandum or other document "purporting to correct earlier testimony" is permitted in order to comply with this duty. Dr. Dunn did just that when he corrected his testimony in the errata sheet and signed it under oath. To the extent it is necessary, he has now clarified the reasons for those changes in Exhibit A. There is no prejudice whatsoever to Graco.[1]

---

[1] Plaintiffs note that, just two days ago, one of Graco's experts submitted 17 single-spaced pages of "supplemental" report that contains numerous complex, detailed and <u>new</u> opinions based on a substantial amount of work that he did long after his initial report was submitted, work that should have been done before his initial report. With several months until trial, however, plaintiffs will not likely file a "motion to strike" these new opinions given the challenge of

5

## II. The Changes Outlined on the Errata Sheet Are Not Material Changes.

The changes outlined on the errata sheet are consistent with Dr. Dunn's report and other sections of his deposition testimony. Under similar circumstances, the District Court for the Southern District of Ohio allowed into evidence a memorandum that an expert submitted following his deposition, noting that it did "not in any respect reflect a change in the opinions articulated by [the expert] regarding causation. It does, however, reflect an elaboration on or a correction of one factual aspect of [the expert's] testimony on deposition." *Hamilton v. Breg, Inc.*, No. 2:09-CV-146, 2010 WL 2889089, at *3 (S.D. Ohio July 20, 2010). That is exactly what the errata sheet does in this case. The corrections are clarifying and elaborating on the deposition testimony—none of the remarks materially change the analysis or the scope of the initial report or deposition, none are prejudicial to Graco.[2]

## III. Dr. Dunn Clarified His Changes in the Attached Supplemental Report and Accompanying Attachments, Rendering Any Challenges Raised in Graco's Motion to Strike Moot.

Dr. Dunn, through his Supplemental Report and accompanying attachments (Exhibit A), has now provided Graco with the reasons for the changes outlined in his errata sheet in order to clarify Graco's professed concerns. Because the Supplemental Report and its attachments have been provided to Graco, all the same information on the errata sheet that Graco has challenged is now a part of the record, making the complaints about the errata sheet moot.

---

proving prejudice. Nevertheless, it seems highly inconsistent for Graco to complain so loudly about a few clarifications and corrections to a deposition while, at the same time, it was having its experts do substantial additional work on matters that should have been addressed long ago and then submit a raft of entirely new opinions.

[2] Graco is of course free to cross-examine Dr. Dunn, at length, over his changes and his deposition testimony. As a result, there is clearly no prejudice to Graco to justify a motion to strike.

6

In addition, the courts in this circuit have found that if a supplemental report "substantially changes an expert's opinion, the opposing party should be given an opportunity to depose the expert a second time." *Union Ins. Co. v. Delta Casket Co.*, No. 06-2090, 2009 WL 6366865, at *2 (W.D. Tenn. Nov. 30, 2009).  Even though Dr. Dunn has not substantially changed his opinions – indeed, he has not changed them at all – plaintiffs offered Graco the opportunity to do a follow-up deposition of Dr. Dunn if desired in an effort to convince Graco not to file the motion.  Graco declined the offer and chose to file its "motion," preferring instead to put form over substance while ignoring both Rules 1 and 26(e).[3]

### IV.     Graco Has Waived Any Objection to the Form of the Errata Sheet.

The errata sheet at issue was provided to Dr. Dunn by the court reporting company that was hired by Graco. The form, for whatever reason, does not even have a space for Dr. Dunn to document the reasons for his changes—it simply provides lines for page, line number, and what the testimony "should have been."  In full compliance with the errata sheet supplied to him by Graco's reporter, Dr. Dunn filled out the errata pages.  Graco did not object to the form of the errata sheet at the time it was provided to Dr. Dunn following his deposition.  Of course, Fed. R. Civ. P. 30(b)(5)(C) gave it the right to do so but, instead, it remained silent – preferring a motion instead.

Additionally, Fed. R. Civ. P. 32(d)(4) provides that "[a]n objection to how the officer transcribed the testimony—or prepared, signed, certified, sealed, endorsed, sent, or otherwise

---

[3] This tactic is not limited to litigation matters. In fact, just today, Graco agreed to pay $3 million dollars in fines to NHTSA – and as much as $10 million if it fails to clean up its act – for hiding defects in its child seats from consumers and the government.  In the consent order signed yesterday, Graco expressly admitted that: "it did not provide notice to NHTSA for the safety-related defect" plaguing millions of its child seats and that the failure to follow the NHTSA's rules "constitutes a violation of the Safety Act." http://www.nhtsa.gov/About+NHTSA/Press+Releases/2015/Car-seat-maker-Graco-fined-$10-million. http://www.safercar.gov/staticfiles/safercar/pdf/Graco-consent-order-03192015.pdf

7

dealt with the deposition—is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known." Graco chose the court reporter that provided the errata sheet to Dunn, and could have, with reasonable diligence, discovered the "error" that the errata sheet did not have a "reasoning" section for the deponent to fill out when the transcript was initially provided to both parties. Graco could have objected to the form of the sheet at that time. It did not do so. This is a waiver.

Plaintiffs respectfully suggest that, under these circumstances, Dr. Dunn's supposed "failure" to specify the reasons for his clarifications and changes was not really a "failure" at all but, rather, a good faith effort to fill out the errata sheet form that was supplied to him. Not only did Graco never object to the form that _its_ court reporter prepared and served, Graco never even asked that Dr. Dunn supply his reasons for the clarifications; it unilaterally commanded Plaintiffs to either "withdraw" the errata sheet or face a motion to strike.

Graco's actions are inconsistent with doing substantial justice here. It was and is responsible for the form of the errata sheet that was sent to Dr. Dunn. It was and is responsible for its failure to object to the form of the errata sheet that its court reporter used. It should not be permitted to now shout "gotcha" and, instead, should be held to have waived what is now, in any event, a moot objection. Any other conclusion rewards Graco for supplying Dr. Dunn with the document and then lying in wait for him to fill it out, knowing that it could attack any changes he made if it was strategically advantageous for it to do so.

**V. Conclusion**

For the foregoing reasons, Plaintiffs respectfully request this Court deny Graco's motion to strike Dunn's errata sheet.

8

Respectfully submitted,

**DOUTHIT FRETS ROUSE GENTILE & RHODES, LLC**

/s/ R. Douglas Gentile_____
R. Douglas Gentile
Co-counsel for Plaintiffs
5250 W. 116th Place, Suite 400
Leawood, KS 66211
(913) 387-1600 (Phone)
(913) 928-6739 (Fax)
dgentile@dfrglaw.com (E-mail)

**THOMAS, GARVEY & GARVEY, PLLC**

/s/ Robert F. Garvey_____
Robert F. Garvey (P24897)
Co-counsel for Plaintiffs
24825 Little Mack
St. Clair Shores, MI 48080-3218
(586) 779-7810 (Phone)
(586) 779-4912 (Fax)
bobgarvey@me.com (Email)

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2015, I caused the foregoing documents to be served on all counsel of record via the Court's ECF system.

/s/ R. Douglas Gentile_____
Attorney for Plaintiff