UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JERMANO, et al.,

    Plaintiffs,

v.

GRACO CHILDREN'S PRODUCTS INC.

    Defendant.

Case No. 13-cv-10610

Hon. Matthew F. Leitman

Magistrate Judge Mona K. Majzoub

**DEFENDANT GRACO CHILDREN'S PRODUCTS INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE DR. RUSSELL DUNN'S ERRATA SHEET**

---

DOUTHIT, FRETS, ROUSE, GENTILE & RHODES, LLC
Raymond D. Gentile
5250 W. 116th Place,
Suite 400
Leawood, KS 66211
913-387-1600 (Phone)
913-928-6739 (Fax)
dgentile@dfrglaw.com (E-mail)


THOMAS, GARVEY & GARVEY
Robert F. Garvey (P24897)
24825 Little Mack Avenue
St. Clair Shores, MI 48080
586-779-7810 (Phone)
586-779-4912 (Fax)
bobgarvey@me.com (E-mail)
*Attorneys for Plaintiffs*

SCHIFF HARDIN LLP
Joseph J. Krasovec
Heidi K. Oertle
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
312-258-5500 (Phone)
312-258-5600 (Fax)
jkrasovec@schiffhardin.com (E-mail)
hoertle@schiffhardin.com (E-mail)

SCHIFF HARDIN LLP
Gregory L. Curtner (P12414)
Jessica A. Sprovtsoff (P70218)
350 S. Main Street, Suite 210
Ann Arbor, MI 48104
734-222-1518 (Phone)
734-222-1501 (Fax)
gcurtner@schiffhardin.com (E-mail)
jsprovtsoff@schiffhardin.com (E-mail)
*Attorneys for Defendant*

**DEFENDANT GRACO CHILDREN'S PRODUCTS INC.'S
REPLY IN SUPPORT OF ITS MOTION TO
STRIKE DR. RUSSELL DUNN'S ERRATA SHEET**

Defendant Graco Children's Products Inc. ("Graco") respectfully submits this reply in support of its Motion to Strike Dr. Russell Dunn's Errata Sheet [Dkt. # 43].

**INTRODUCTION**

Plaintiffs' proffered expert witness, Dr. Russell Dunn, issued a six page errata sheet containing twenty-six proposed changes to his deposition testimony. Graco moved to strike that errata sheet because (1) twenty-three of those proposed changes are substantive, violating Sixth Circuit precedent, and (2) there was no explanation for any of the changes, as required by Rule 30(e)(1)(B). Plaintiffs' response basically sidesteps both points. Dr. Dunn should not be allowed to change his sworn testimony, and this Court should strike the portions of his errata sheet challenged here.

**ARGUMENT**

**I. Rule 26(e)(2) Does Not Permit Dr. Dunn To Change His Deposition Testimony.**

Rather than address the on-point authority Graco cites in its motion, Plaintiffs contend that Rule 26(e)(2) effectively permits Dr. Dunn to make substantive changes to his deposition testimony, something the Sixth Circuit prohibits. While a party does have a duty, under Rule 26(e)(2), to supplement an

1

expert's report with additions or changes to information previously provided by an expert, that duty does not create a right to make wholesale changes to sworn deposition testimony. More than one District Court has held that Rule 26(e)(2) does not create a backdoor for a deponent to change their deposition testimony using Rule 30(e). *See, 3M Innovative Properties Co. v. Dupont Dow Elastomers, LLC*, No. CIV. 03-3364MJDJGL, 2005 WL 6007042, at *4 (D. Minn. Aug. 29, 2005) (striking expert's supplemental "report," which consisted of a redlined version of prior deposition testimony, as improper under both Rules 30(e) and 26(e)(2)); *Griswold v. Fresenius USA, Inc., 978 F. Supp. 718, 722 (N.D. Ohio 1997)*("Rule 26(e) … neither requires nor authorizes a deponent to amend his deposition."). Any other interpretation would render the holding in *Trout v. FirstEnergy Generation Corp.*, 339 F. App'x 560, 565 (6th Cir. 2009) meaningless.

The cases Plaintiffs cite do not stand for the proposition that an expert witness may change his or her testimony under the guise of issuing a supplemental report under Rule 26(e)(2). Neither *Aguirre* or *Hamilton* so much as mention Rule 30(e) or an errata sheet. Instead, the *Aguirre* court addressed a supplemental affidavit filed by an expert in which he only attempted to add to the opinions in his earlier report, not to change his deposition testimony. *Aguirre v. Mitsubishi Motors N. Am., Inc.*, No. 3:11-CV-00225, 2012 WL 4506009, at *7 (M.D. Tenn. Sept. 28, 2012). Similarly, the court in *Hamilton* addressed a supplemental report,

2

which again attempted to add to opinions set forth in an earlier report as opposed to changing the expert's testimony. *Hamilton v. Breg, Inc.*, No. 2:09-CV-146, 2010 WL 2889089, at *1 (S.D. Ohio July 20, 2010). There is no authority that allows Dr. Dunn's supplemental report to become the vehicle through which to change testimony he has already gave under oath.

## II. Dr. Dunn's Proposed Changes Set Forth in His Errata Sheet Are Clearly Substantive and Material.

Suggesting that Dr. Dunn's proposed corrections are not material flies in the face of the holdings in several cases from this District. For instance, the District Court in *Walker v. 9912 E. Grand River Associates, LP* defined a material change under Rule 30(e) to be anything other than "typographic and transcription errors." *Walker v. 9912 E. Grand River Associates, LP*, No. 11-12085, 2012 WL 1110005, at *3 (E.D. Mich. Apr. 3, 2012). *See also, Clare v. Chrysler Grp., LLC*, No. 13-11225, 2014 WL 2515212, at *2 (E.D. Mich. June 4, 2014) (striking errata sheet with changes such as changing "no" to "no, other than blending the storage in with the pickup truck"). The majority of Dr. Dunn's proposed changes are not typographical or transcription-related whatsoever. (Chart of Proposed Changes to Russell Dunn's Transcript [Dkt. # 43-4].)[1]  For example, several of Dr. Dunn's changes seek to add long narratives to otherwise complete, single word answers,

---

[1] Dr. Dunn proposed three typographical changes, which Graco agrees he may make. Graco's motion and corresponding chart [Dkt. # 43-4] only seek to strike Dr. Dunn's substantive changes.

3

nearly identical to the changes the *Clare* court rejected. (*See, Id.* at 6-9, 11, 13, 17-18, 20, 22-23.) Others constitute outright reversals in his testimony. (*See,* i.e., "I can't answer that. I don't know." to be replaced with: "Adding more plastic would increase the likelihood that the belt stays in the belt guide for a longer time period." (*Id.* at 12)

### III.  Graco Never Waived Its Right to Object to Dr. Dunn's Errata Sheet

Plaintiffs appear to argue that Dr. Dunn was relieved of his responsibility under Rule 30(e) to provide his reasons for changing his deposition testimony because the form of errata sheet provided to him did not contain space in which to list his reasons. Of course, Rule 30(e) states no such thing. Rule 30(e)'s requirement that a deponent state the reasons for his changes does not hinge on the form or the court reporter's errata sheet. Rather, Rule 30(e) entitles the party taking the deposition to receive notice of the reasons why the witness is changing his testimony. If Dr. Dunn (who has testified in litigation as an expert witness many times) wasn't already aware of his obligations under Rule 30(e), he should have consulted Plaintiffs' counsel before completing his errata sheet. Plaintiffs' suggestion that Rule 30(b)(5)(C) required Graco object to the form of the errata sheet is completely misplaced, as that Rule simply requires the court reporter to state the deposition is complete and to set our any stipulations regarding the disposition of the exhibits, transcripts and any other pertinent matters. It certainly

4

doesn't place the onus on the court reporter or Graco to remind an experienced expert witness of his obligations when seeking to make changes to the testimony he just finished giving.

Plaintiffs' reliance on Rule 32(d)(4) is equally out of place. Rule 32(d)(4) requires a party to object, through a motion to suppress, to any issues related to any irregularities in the manner in which the court reporter transcribed or otherwise dealt with the deposition. This Rule does not apply here, as no such motion has been made. *See Holland v. Cedar Creek Min., Inc.*, 198 F.R.D. 651, 652 (S.D.W. Va. 2001)(holding Rule 32(d)(4) is inapplicable to party's objections to a deponent's failure to comply with the requirements of Rule 30(e) when seeking to make substantive changes to testimony via an errata sheet).

Ultimately, Plaintiffs' retained Dr. Dunn as their expert, and reviewed his errata sheet before it was served on Graco. Plaintiffs' had every opportunity to remind Dr. Dunn of his obligation under Rule 30(e)(1)(B) to provide the reasons for changes to his testimony (to the extent he did not already know that based on his history of giving deposition testimony), but apparently they did not. Thus, Plaintiffs' contention that Graco was lying in wait to trap Dr. Dunn into failing to properly complete his errata sheet is patently disingenuous, just like their misplaced reference in footnote 3 of their response to Graco's agreement with NHTSA, which pertains to matters and products not at issue in this matter.

## **CONCLUSION**

For the foregoing reasons as well as those reasons outlined in Graco's Motion to Strike Dr. Russell Dunn's Errata Sheet, Graco respectfully requests that this Court strike Dr. Dunn's errata sheet.

Dated: March 27, 2015                               Respectfully submitted,

By:  /s/ Heidi K. Oertle

SCHIFF HARDIN LLP
Joseph J. Krasovec (6201456)
Heidi K. Oertle (6275632)
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
312-258-5500 (Phone)
312-258-5600 (Fax)
jkrasovec@schiffhardin.com (E-mail)
hoertle@schiffhardin.com (E-mail)

SCHIFF HARDIN LLP
Gregory L. Curtner (P12414)
Jessica A. Sprovtsoff (P70218)
350 S. Main Street
Suite 210
Ann Arbor, MI 48104
734-222-1518 (Phone)
734-222-1501 (Fax)
gcurtner@schiffhardin.com (E-mail)
jsprovtsoff@schiffhardin.com (E-mail)

ATTORNEYS FOR DEFENDANT
GRACO CHILDREN'S PRODUCTS INC.

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on March 27, 2015, she caused the foregoing documents to be served on all counsel of record via the Court's ECF system.

/s/ Heidi K. Oertle
Heidi K. Oertle