UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JERMANO, et al.,

    Plaintiffs,                                Case No. 13-cv-10610
                                              Hon. Matthew F. Leitman

v.

GRACO CHILDREN'S
PRODUCTS, INC.,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE DR. RUSSELL DUNN'S ERRATA SHEET (ECF #43); GRANTING PLAINTIFFS LEAVE TO FILE A SUPPLEMENTAL REPORT BY DR. DUNN; AND GRANTING DEFENDANT LEAVE TO DEPOSE DR. DUNN CONCERNING ANY MATTERS RAISED IN HIS SUPPLEMENTAL REPORT**

**INTRODUCTION**

    This is a products liability action brought by Plaintiffs Dorothy Berge and Joseph, Dory, and Mia Jermano (collectively "Plaintiffs") against Defendant Graco Chidren's Products, Inc. ("Graco"). Plaintiffs allege that Graco defectively designed a child safety car seat known as the "TurboBooster."

    Plaintiffs retained Russell Dunn, Ph.D. ("Dr. Dunn") as one of their expert witnesses. Graco deposed Dr. Dunn on January 19, 2015. The court reporter subsequently prepared a draft of the deposition transcript and forwarded it to Dr. Dunn for his review and signature pursuant to Rule 30(e) of the Federal Rules of

1

Civil Procedure. After reviewing the draft transcript, Dr. Dunn prepared and sent to the court reporter a six-page Errata Sheet in which he proposed to make twenty-three changes to the transcript. (*See* the "Errata Sheet," ECF #43-3.) Many of the proposed changes in the Errata Sheet are substantive. For instance, on page 101, line 25, Dr. Dunn sought to change the word "front" to the word "back" (*id.* at 1, Pg. ID 772); on page 133, line 14, he sought to change his answer from "I can't answer that. I don't know" to a substantive answer (*id.* at 3, Pg. ID 774); and at other pages, he proposed to delete large portions of other answers. (*See, e.g., id.* at 1, 3, Pg. ID 772, 774.) Dr. Dunn did not list on the Errata Sheet any reason(s) for his proposed changes.

Graco has now moved to strike the Errata Sheet on the ground that, as interpreted by the United States Court of Appeals for the Sixth Circuit, Rule 30(e) does not permit a deponent to make substantive changes to his deposition testimony. (*See* the "Motion to Strike," ECF #43 at 4-6, Pg. ID 715-717.) Graco also asks the Court to strike the Errata Sheet on the ground that Dr. Dunn did not list reasons for his proposed changes, as required by Rule 30(e). (*See id.* at 6-7, Pg. ID 717-718.) Plaintiffs urge the Court to deny the Motion to Strike on the ground that Dr. Dunn's Errata Sheet is, in effect, a correction of his deposition testimony that he was required to provide under Rule 26(e)(2) of the Federal Rules of Civil Procedure. (*See* Plaintiffs' Response Brief, ECF #45 at 4-8, Pg. ID 792-

796.)  Plaintiffs have also attempted to cure Dr. Dunn's failure to list the reasons for his changes.  Along with their response to Graco's motion, Plaintiffs have filed a document drafted by Dr. Dunn in which he explains the basis of the changes. (*See* ECF #45-1.)

The Court agrees with Graco that Dr. Dunn did not comply with Rule 30(e)'s requirement that he list the reasons for his proposed changes within thirty days of receiving the draft transcript, and the Court will therefore strike the Errata Sheet.  But the Court also agrees with Plaintiffs that Rule 26(e)(2) does allow them to serve a supplemental report by Dr. Dunn correcting any material inaccuracies in his deposition testimony, and the Court will allow Plaintiffs to serve such a report. Furthermore, in order to avoid prejudice to Graco, the Court will permit Graco to re-depose Dr. Dunn concerning any matters raised in his supplemental report (if one is served).

## ANALYSIS

**A.    The Court Will Strike the Errata Sheet Because Dr. Dunn Did Not Comply With the Rule 30(e)'s Requirement That He List the Reasons for His Changes**

Federal Rule of Civil Procedure 30(e) governs how a witness may review and change his deposition testimony.  This rule provides that:

> **(1) Review; Statement of Changes**. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being

> notified by the officer that the transcript or recording is available in which:
>
> > (A) to review the transcript or recording; and
> > (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. Rule Civ. Proc. 30(e)(1)(A)-(B).

Despite the fact that Rule 30(e) expressly refers to changes in "substance," Graco argues that the Rule does not authorize a deponent to make substantive changes to his deposition testimony. Graco asserts that the Sixth Circuit "precedent [interpreting Rule 30(e)] allows deposition errata to correct only typographical errors." (Graco's Br. at 4, Pg. ID 715.) The "precedent" to which Graco refers is the Sixth Circuit's unpublished decision in *Trout v. FirstEnergy*, 339 Fed. App'x 560, 565 (6th Cir. 2009). In *Trout*, the Sixth Circuit said:

> Rule 30(e) does not allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all, then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Id.* at 565 (quoting *Tuttle v. Tyco Elecs. Installation Servs., Inc.*, 2008 WL 343178, at *4 (S.D. Ohio Feb. 7, 2008)) (internal brackets omitted).

Like Graco, many district courts in this Circuit read *Trout* as firmly establishing that a deponent may not make substantive changes to his deposition

4

testimony through the errata process. *See, e.g., Jones-McNamara v. Holzer Health Systems, Inc.*, 2015 WL 196048, at **2-4 (S.D. Ohio Jan. 14, 2015) (collecting cases in this Circuit striking errata sheets pursuant to *Trout* and "applying the standard of *Trout*…[and] reject[ing] those changes [to deposition transcript] that do not simply correct typographical or transcription errors"); *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Management, LLC*, 2014 WL 1744848, at *4 (E.D. Ky. Apr. 30, 2014) (striking errata sheet and following "the Sixth Circuit's most recent pronouncement [in *Trout*] … that Rule 30(e) does not permit changes to what was said under oath, aside from typographical and transcription errors").

But to this Court, it is not crystal clear in this Circuit that a deponent cannot make substantive changes to his deposition testimony under Rule 30(e). Indeed, there is language in a *published* Sixth Circuit decision that suggests that a deponent *may* make such changes. *See Carter v. Ford Motor Company*, 561 F.3d 562, 568 (6th Cir. 2009). *Carter* involved sex discrimination and FMLA claims. During the plaintiff's deposition, she testified that her claims were not based on events occurring in 2005. When Ford moved for summary judgment, the plaintiff changed her story and focused on matters that happened in 2005. The Sixth Circuit rejected Carter's effort to re-focus her claims at the summary judgment stage. The Court explained that Carter failed to avail herself of her right, under Rule 30(e), to make changes to her deposition testimony before the close of discovery:

5

> Notably, three months passed between Carter's deposition and, as set forth in the litigation schedule, Carter responded to Ford's motion for summary judgment. *Once Carter had information that would have caused her to reconsider her deposition testimony regarding the scope of her claims, she had several options. Under Rule 30(e)(1)(B), she had thirty days following her deposition to make changes 'in form or substance.' She was, after all, under a duty to supplement or correct discovery responses.* Alternatively, she could have amended her complaint, if in the course of discovery, she became aware of new causes of action. Carter pursued neither of these options.

*Id.* at 568 (emphasis added).

Almost without exception, the courts in this Circuit that have barred deponents from making substantive changes to their deposition testimony under Rule 30(e) have done so *without* acknowledging the above-quoted language from *Carter*. It appears that the only court to both acknowledge the language from *Carter* and bar a deponent from making a substantive change distinguished *Carter* on the ground that the issues presented in *Carter* did not require the Sixth Circuit to construe Rule 30(e). *See E.E.O.C. v. Skanska USA Building, Inc.*, 278 F.R.D. 407, 410, n. 1 (W.D. Tenn. 2012). While the Sixth Circuit in *Carter* plainly did not *hold* that a deponent may make substantive changes to her deposition testimony under Rule 30(e), the Sixth Circuit's statement that the plaintiff *could have* made substantive changes to her deposition testimony cannot be ignored. Indeed, the Sixth Circuit's dicta must be given serious consideration by district

courts, *see, e.g., Holden v. Bowen*, 668 F.Supp. 1042, 1047 (N.D. Ohio 1986), and it is not self-evident that the decision in *Trout* – which, because it is unpublished, "does not constitute binding precedent," *Gunner v. Welch*, 749 F.3d 511, 515 (6th Cir. 2014) – should be considered substantially more persuasive than the dicta in the published *Carter* decision. Simply put, this Court does not believe that the issue of whether Rule 30(e) allows substantive changes to a deposition transcript has been authoritatively resolved in this Circuit.

But on the facts of this case, this Court need not address the scope of changes permitted by Rule 30(e). Whatever its scope, the Rule expressly requires a deponent seeking to make changes to his deposition testimony to state the reason for any proposed changes within thirty days. *See* Fed. Rule Civ. Proc. 30(e)(1)(B). And courts in this Circuit have repeatedly stricken errata sheets that do not include a statement of reasons. *See, e.g., Mullins v. Cyranek*, 2014 WL 3573498, at *3 (S.D. Ohio July 21, 2014) (striking "most" of proposed changes in errata sheet because of "the failure to comply with Rule 30(e)'s requirement that [the deponent] provide the reasons form making each of the changes"); *Downing v. J.C. Penney, Inc.*, 11-15015, 2012 WL 4358628, at *9, n.4 (E.D. Mich. Sept. 23, 2012) (finding changes in errata sheet inadmissible because "each of [the proposed changes] is either stylistic *or unexplained*"); *see also EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 266 (3d Cir. 2010) ("if [a] party or deponent proffering changes

7

[to] a deposition transcript fails to state the reasons for the changes, the [ ]court may appropriately strike the errata sheet"). Because Dr. Dunn's errata sheet did not comply with Rule 30(e)'s express requirement that he state the reasons for the changes, the Court strikes the errata sheet.[1]

### B. The Court Will Allow Plaintiffs to Serve a Supplemental Report by Dr. Dunn Correcting Any Material Errors in His Deposition Testimony

Rule 26(e) of the Federal Rules of Civil Procedure governs the supplementation of discovery responses. The first subsection of the Rule, 26(e)(1), establishes a party's general duty to supplement. Among other things, this duty requires a party to supplement or correct its responses to written discovery requests if it learns that the responses are incomplete or inaccurate in a material respect. The second subsection of the Rule, 26(e)(2), makes clear that the duty of a party to supplement as established in the first section applies to "information given by [a retained expert witness] during the expert's deposition." Pursuant to Rule 26(e)(2), a party may serve a supplemental expert report correcting information given by a retained

---

[1] In their response to Graco's motion, Plaintiffs argue that Graco has waived its right to object to Dr. Dunn's failure to provide reasons for the changes included on the errata sheet because Graco hired the court reporter that provided the errata sheet to Dr. Dunn, and the sheet the court reporter provided did not include a space for Dr. Dunn to list any reasons for his proposed changes. (*See* Plaintiff's Br. at 7-8, Pg. ID 795-796.) Plaintiffs provide no authority to support the proposition that the failure to comply with a Federal Rule of Civil Procedure can be excused or waived based on the actions of a third-party court-reporting service, and the Court is not persuaded that such an argument has merit under the circumstances that exist in this case.

expert during a deposition if the party learns that the information is incorrect in any material respect. *See, e.g., SD3, LLC v. Rea*, --- F.Supp.3d ---, 2014 WL 5319773 (D.D.C. 2014) (recognizing that Rule 26(e)(2) permits party to serve supplemental report to correct inaccuracies in deposition testimony); *Aguirre v. Mitsubishi Motors North America*, 2012 WL 4506009, at *7 (M.D. Tenn. Sept. 28, 2012) ("Under [Rule 26(e)(2)] an expert may supplement or correct his opinions after issuing his report and being deposed"); *Hamilton v. Berg*, 2010 WL 2889089, at *3 (S.D. Ohio. July 20, 2010 (same).

To be sure, Rule 26(e)(2) places limits on supplementation by an expert, and supplementation may not be used for strategic advantage. For instance, a party may not use the supplementation process to introduce entirely new expert opinions that could have been provided prior to the expert's report and deposition, *see SD3, LLC, supra*, nor may a party "supplement" an expert's testimony following the close of discovery in order to manufacture a material factual dispute and avoid summary judgment. *See, e.g., Gallagher v. Southern Source Packaging, LLC*, 568 F.Supp.2d 624, 630-631 (E.D. N.C. 2008) (citing cases). Rule 26(e)(2) does not sanction such gamesmanship.[2]

---

[2] Graco cites two cases to support its argument that Plaintiffs should not be permitted to correct Dr. Dunn's deposition testimony under Rule 26(e), but neither provides strong support for Graco's position. (*See* Graco's Reply Br., ECF #46 at 2, Pg. ID 815, citing *3M Innovative Properties Co. v. Dupont Dow Elastomers, LLC*, 2005 WL 6007042 (D. Minn. 2005) and *Griswold v. Fresenius USA, Inc.*,

9

Consistent with Rule 26(e)(2), Plaintiffs may serve a supplemental report by Dr. Dunn correcting any material inaccuracies in his deposition testimony.  In order to minimize any possible prejudice to Graco, Graco shall be given an opportunity to depose Dr. Dunn concerning the supplemental report.  The Court notes that any supplemental report by Dr. Dunn certainly will not erase his inaccurate deposition testimony (if any), and Graco will, of course, be free to cross-examine Dr. Dunn at trial concerning any errors in his deposition testimony and his efforts to correct those errors.

## CONCLUSION

For all of the reasons stated above, **IT IS HEREBY ORDERED** that Graco's Motion to Strike (ECF #43) is **GRANTED** and the Court hereby **STRIKES** the proposed errata sheet.

**IT IS FURTHER ORDERED** that if and to the extent Plaintiffs believe, after consulting with Dr. Dunn, that any information given by him during his deposition was incorrect in any material respect, they are hereby granted leave to

---

978 F.Supp. 718, 722 (N.D. Ohio 1997).)  First, the court in *Griswold* was addressing an attempt by a *lay* deponent to correct his deposition testimony, and Rule 26(e)(2) allows only *expert* witnesses to correct inaccurate deposition testimony.  Second, the court in *3M* stressed that the proposed supplementation of the expert's testimony was "served long after discovery closed" and was thus "time-barred." *3M*, 2005 WL 6007042 at *5.  Here, expert discovery has not closed, and Graco will have an opportunity to depose Dr. Dunn on any matters raised in his supplemental report before dispositive motions and *Daubert* motions are due.

serve a supplemental report by Dr. Dunn correcting those inaccuracies. Any such report shall be completed and served on Graco within fourteen days of the entry of this Order.

If Plaintiffs serve such a supplemental report, Graco may move to strike the report within twenty-one days if it believes that the report (or any portions of it) exceeds the error-correction purpose permitted under Rule 26(e)(2) or amounts to the impermissible "gamesmanship" identified above. If Graco does not move to strike the report, then within twenty-one days of serving the report, Plaintiffs shall make Dr. Dunn available for a deposition by Graco during which Graco may inquire into any matter addressed in the supplemental report.

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: April 16, 2015

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 16, 2015, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (313) 234-5113