UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JERMANO et al.,

    Plaintiffs,                                    Case No. 13-cv-10610
                                                  Hon. Matthew F. Leitman

v.

GRACO CHILDREN'S
PRODUCTS, INC.,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER, OR, IN THE ALTERNATIVE, TO CERTIFY UNDER 28 U.S.C. § 1292(b) (ECF #51)

### INTRODUCTION

On April 15, 2015, this Court issued an Opinion and Order (the "Order") in which it held, among other things, that Pennsylvania's law concerning punitive and compensatory damages applied to Plaintiffs' negligence and strict liability claims. (*See* ECF #48.) Graco now asks the Court to reconsider its choice-of-law ruling or, in the alternative, to certify the Order for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b) (the "Reconsideration Motion"). (*See* ECF #51.) Plaintiffs' have responded to the Reconsideration Motion (*see* ECF #55), and the Court conducted a telephonic hearing on the motion on May 20, 2015. For the reasons described below, the Court **DENIES** the Reconsideration Motion.

1

# ANALYSIS

## A. Reconsideration

### 1. The Governing Standard

To prevail on a motion for reconsideration, a party must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller,* 972 F.Supp. 426, 427 (E.D. Mich. 1997).

### 2. Punitive Damages

Graco argues that the Court made two palpable errors when it decided to apply Pennsylvania's law of punitive damages to Plaintiffs' negligence and strict liability claims. First, Graco contends that the Court erroneously treated this action as a "design defect case" and failed to appreciate the significance of Plaintiffs' manufacturing defect claims. (*See, e.g.,* Reconsideration Mot. at 21, Pg. ID 961.) This argument is now moot. Following the telephonic hearing on May 20, 2015, the parties presented to the Court, and the Court entered, a stipulated order that dismisses, among other claims, Plaintiffs' manufacturing defect claims. (*See* ECF #58.)

Second, Graco contends that the Court palpably erred when it did not adhere to the Pennsylvania rule that "[w]hen an injury arises from an accident whose location is non-fortuitous … the law of the place of injury presumptively controls." (Reconsideration Mot. at 13, Pg. ID 953.) Graco argues that the location of the accident underlying Plaintiffs' claims – Michigan – was not fortuitous and that Plaintiffs failed to overcome the presumption that Michigan's law concerning punitive damages applies to their claims. (*See id.* at 13-16, Pg. ID 953-956.)

The Court carefully considered and rejected this argument when it initially concluded that Pennsylvania law applies here. The Court expressly acknowledged the Pennsylvania rule that "in an action for personal injuries, the law of the state where the injury occurred normally determines the rights and liabilities of the parties" (Order at 19, Pg. ID 842) (quoting *Laconis v. Burlington County Bridge Comm.*, 583 A.2d 1218, 122 (Pa. Super. 1990)), but the Court then noted that Pennsylvania courts have qualified this rule in a critical respect: the law of the state of injury controls "unless another state, applying the contacts test, has a more significant relationship to the occurrence and parties." (*Id.*, quoting *Laconis*, supra). Indeed, decisions of the United States Court of Appeals for the Third Circuit make absolutely clear that even when faced with an injury in a non-fortuitous location, a court applying Pennsylvania's choice-of-law rules *must* balance the competing interests of each relevant state. *See, e.g., LeJune v. Bliss-*

3

*Salem, Inc.*, 85 F.3d 1069, 1072 (3d Cir. 1996) (after concluding that an "accident's occurrence in Delaware was not fortuitous," court said that it "must next examine which state has a greater interest in having its law applied"). As explained in the Order, under the circumstances of this case, Pennsylvania has a very strong interest in having its law of punitive damages applied while Michigan, has a negligible interest in applying its law precluding an award of punitive damages. Thus, any presumption that Michigan law applies because the accident occurred in this state must give way and has been overcome.

Graco argues that the decision of the United States Court of Appeals for the Third Circuit in *Calhoun v. Yamaha Motor Corp.*, 216 F.3d 338 (3d Cir. 2000) (applying punitive damages law of the place of injury), makes clear that Michigan's law prohibiting punitive damages must apply in this action. The Court disagrees. The plaintiff in *Calhoun* was a Pennsylvania resident who suffered an injury while riding a Yamaha jet ski in Puerto Rico. The plaintiff brought a products liability claim against Yamaha in a Pennsylvania federal court and sought to recover punitive damages under Pennsylvania law. Yamaha argued that the plaintiff's claims for damages were governed by the law of Puerto Rico, where the injury occurred. Puerto Rico law precluded awards of punitive damages. The Third Circuit agreed with Yamaha and held that Puerto Rico law applied to, and precluded, the plaintiff's claim for punitive damages.

Neither the reasoning nor result of *Calhoun* is inconsistent with the Order. Indeed, the Third Circuit in *Calhoun* analyzed the choice-of-law issue there in much the same way that this Court analyzed the choice-of-law question presented in this action.[1] The Third Circuit concluded that the location of the accident was not fortuitous, and it recognized that that fact weighed in favor of applying Puerto Rico's law of punitive damages. But the Third Circuit did not treat the place of injury as dispositive on the choice of law question. Instead, just as this Court balanced the interests of Pennsylvania and Michigan, the Third Circuit carefully weighed the competing interests of Pennsylvania and Puerto Rico and determined that Puerto Rico's interests in precluding an award of punitive damages outweighed Pennsylvania's interest in allowing punitive damages. The Third Circuit stressed that Puerto Rico had "an especially strong interest" in regulating "the waterways surrounding the island to preserve the economic benefits it derives from both tourism and other commercial enterprises." *Id.* at 348. That interest weighed heavily in the court's decision to apply Puerto Rico law precluding an award of punitive damages.

---

[1] *Calhoun* did not resolve its choice-of-law issue under Pennsylvania's choice-of-law rules. Instead, the issue was decided under "[f]ederal choice-of-law rules in the admiralty arena." *Calhoun*, 216 F.3d at 345. Nevertheless, *Calhoun* is relevant to the Court's current analysis because the framework and federal admiralty principles applied in *Calhoun* appear to be substantially similar to the Pennsylvania choice-of-law rules that apply here, and *Calhoun* relied upon several Pennsylvania decisions.

Here, Michigan has no comparably strong interest in applying its law precluding an award of punitive damages. Graco highlights Michigan's interest in "controlling the safety of its roadways" (Reconsideration Mot. at 18, Pg. ID 958), but that generic interest is not nearly as significant as Puerto Rico's special interest in regulating the waterways which were, in essence, one of the lifelines of its economy.

Moreover, Pennsylvania has a much stronger interest in applying its punitive damages law in this action than it did in *Calhoun*. The Plaintiffs in this action claim that a product was defectively designed in Pennsylvania and that Graco committed outrageous conduct in Pennsylvania. As explained in the Order, Pennsylvania has a very strong interest in deterring and punishing tortious conduct that occurs within its borders. That interest was simply not present in *Calhoun* because the plaintiffs did not allege that any tortious conduct occurred in Pennsylvania. *See Calhoun*, 216 F.3d at 347 ("The sole relationship that Pennsylvania enjoys with this incident is that the Calhouns –and Natalie prior to her death – were Pennsylvania domicilliaries, as well as the fact that Natalie's estate will be administered in Pennsylvania"). Thus, the Third Circuit's refusal to apply Pennsylvania's law of punitive damages in *Calhoun* does not weigh significantly against applying Pennsylvania's punitive damages rules here.

The Court will not reconsider its ruling that Pennsylvania's punitive damages law applies in this action.

### 3. Compensatory Damages

During the telephonic hearing on May 20, 2015, Graco argued that even if this Court chooses to apply Pennsylvania's law of punitive damages, it should apply Michigan's law of compensatory damages. More specifically, Graco asked the Court to apply the provision of Michigan law that imposes a $500,000 cap on noneconomic damages for product liability claims that cause a "permanent loss of a vital bodily function" unless a plaintiff proves gross negligence, MCL §600.2946a, rather than Pennsylvania law, which has no such damages cap. Graco argued that Pennsylvania has no strong interest in (1) governing the amount of compensation to be awarded to Michigan residents for an injury that occurred in Michigan nor (2) displacing Michigan's cap on compensatory damages. The Court disagrees.

Once again, Pennsylvania has a strong interest in deterring tortious conduct that occurs within its borders, and requiring Pennsylvania tortfeasors to *fully* compensate their victims for *all* injuries they cause – i.e., to internalize *all* of the costs they impose – is an important means of achieving that deterrence. *Cf. Farrell v. Davis Ent., Inc.*, 1996 WL 21128, at *3 (E.D. Pa. 1996) (Pennsylvania's joint and several liability regime is intended to deter tortious conduct by Pennsylvania

residents). Indeed, courts have recognized that awarding *full* compensation for injured persons "will deter tortious conduct and will encourage [manufacturers] to make safe products for [their] customers." *Johnson v. Spider Staging Corp.*, 555 P.2d 997, 1002 (Wash. 1976); *Villaman v. Schee*, 15 F.3d 1095 at *4 (9th Cir. 1994 (Table) ("Arizona tort law is designed in part to deter negligent conduct within its borders; thus, Arizona has a strong interest in the application of its laws allowing for *full compensatory* and punitive damages") (emphasis added).[2] Thus, Pennsylvania does have a strong interest in applying its law that requires full compensation for all injuries caused by a Pennsylvania tortfeasor.

In contrast, for all of the reasons explained in the Order, Michigan does not have an overriding interest in applying its cap on compensatory damages here to protect Graco. Michigan's cap on damages is intended, in part, to encourage out-of-state companies to do business here (*see* Order at 12, Pg. ID 35), but the cap need not be applied in order to induce Graco to sell its products here. Indeed, Graco willingly does business in myriad states, including those that allow punitive damages awards and uncapped compensatory damages. (*See id.* at 22, n.3, Pg. ID 845.) There is simply no reason to believe that declining to apply Michigan's damages cap will in any way inhibit Graco from selling its products in Michigan.

---

[2] The Court recognizes that the *Johnson* and *Schee* cases cited above did not involve Pennsylvania law and are distinguishable in many respects. The Court cites these cases solely for their recognition of the principle that the availability of full compensatory damages has some deterrent effect on potential tortfeasors.

8

*See, e.g., Johnson*, 555 P.2d at 584, n. 2d (concluding that out-of-state company could not have relied on Kansas law limiting available damages when selling product in Kansas because the company "advertise[s] and sell[s] their products in all 50 states," including states without damages limitations). Thus, Michigan does not have a strong interest in capping Plaintiffs' compensatory damages.

The Court adheres to its decision to apply Pennsylvania's law of compensatory damages.

**B.    Certification for Interlocutory Review**

Graco has asked the Court to certify the choice-of-law question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (*See* Reconsideration Mot. at 22-25, Pg. ID 962-965.) This statute provides, in relevant part, that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order[.]

28 U.S.C. 1292(b). Such certifications should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

The Court is not persuaded that this is an appropriate case for an interlocutory appeal. Graco has not convinced the Court that allowing such an appeal would in any way enhance the efficiencies of this action or materially advance the ultimate resolution of this case. The Court is confident that, following a trial, the Sixth Circuit will be able to meaningfully review this Court's choice-of-law rulings on the damages issues and will be able to disallow any aspects of a damages award that are inconsistent with Michigan law, if that court accepts Graco's argument that Michigan law applies. Accordingly, the Court will not certify the damages choice-of-law question for interlocutory review.

## CONCLUSION

For all of the reasons stated above, Graco's Reconsideration Motion (ECF #51) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 29, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 29, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113